**David GARDNER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 47A01–0908–CR–399.**

Court of Appeals of Indiana.

Dec. 29, 2009.

Publication Ordered Feb. 12, 2010.

David Gardner, New Castle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

David Gardner, convicted of murdering his wife in 1989, when registration as a violent offender was not required, sought a declaratory judgment from the Lawrence Circuit Court to the effect that prospective application of the amended registration requirements of Indiana Code Section 11–8–8–7 would subject him to punishment on an ex post facto basis. The trial court entered an order denying Gardner declaratory relief, and Gardner appeals. We affirm.

### Discussion and Decision

Indiana Code Section 11–8–8–7 provides that sex or violent offenders must register with local law enforcement authority. Indiana Code Section 11–8–8–5(18) defines a "sex or violent offender" to include a person convicted of murder. The registration statute contains no exclusion for those, like Gardner, whose crimes occurred before the date of enactment.[1]

Provisions of the Indiana Sex Offender Registration Act have been declared in violation of the ex post facto clause contained in the Indiana Constitution,[2] as applied to persons who had committed their crimes prior to the imposition of any registration requirement. *See Wallace v. State*, 905 N.E.2d 371, 384 (Ind.2009) (defendant's conviction for failing to register as a sex offender reversed because the registration statute, as applied to him, added punishment beyond that which could have been imposed when he committed his crime), *reh'g denied. See also State v. Pollard*, 908 N.E.2d 1145, 1154 (Ind.2009) (trial court properly dismissed charge that Pollard violated the residency restriction provision of the Sex Offender Registration Act when he had served his sentence before the Act was enacted and application to him would add punishment beyond that possible when his crime was committed). However, the registration statute did not violate the Indiana constitutional ban on ex post facto laws as applied to the appellant in *Jensen v. State*, 905 N.E.2d 384, 394 (Ind.2009) (appellant who had pled guilty to child molesting while the registration statute included a ten-year reporting requirement, and was subsequently adjudicated a sexually violent predator and ordered to register for life, did not demonstrate a violation of ex post facto prohibition).

Here, however, unlike the litigants in *Wallace*, *Pollard*, and *Jensen*, Gardner presents no claim that is ripe for adjudication. *See Ind. Dep't of Envtl. Mgmt. v.*

*Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 336 (Ind.1994) (Ripeness, as an aspect of subject matter jurisdiction "relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record.") There is no evidence that Gardner has been court-ordered to register as a violent offender, or that he has been notified by any correctional authority or registry coordinator that he will be required to register.

In light of the fact that Gardner has been incarcerated twenty years, serving a sixty-year sentence, it is readily apparent that Gardner's release is not imminent.[3] Several years from now, the State might attempt to subject Gardner to a registration requirement, either under the current registration statute or an amended or replacement statute subsequently enacted by our Indiana Legislature. Nevertheless, it is a matter of speculation as to what registration requirements, if any, will impact Gardner upon his release, a minimum of five years in the future. Because there is no immediate dispute over whether Gardner must register as a violent offender upon his release, there is no issue before us ripe for appellate review.

Gardner has not demonstrated his contemporaneous entitlement to a declaratory judgment. Accordingly, we affirm the trial court.

Affirmed.

BAKER, C.J., and ROBB, J., concur.

1. The Indiana General Assembly adopted its first version of a sex offender registration statute in July 1994. Subsequently, the registration requirements were expanded to include those convicted of certain specified crimes, including murder.

2. Article I, section 24 of the Indiana Constitution provides that "[n]o ex post facto law ... shall ever be passed."

3. The State calculated Gardner's earliest projected release date as March 2015, something which Gardner does not dispute.

## ORDER

Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision.

Having reviewed the matter, the court FINDS AND ORDERS AS FOLLOWS:

1.  Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion handed down on December 29, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

BAKER, C.J., BAILEY, ROBB, JJ., concur.