Glenn E. **BROGAN**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 57A04–0910–CR–592.

Court of Appeals of Indiana.

May 6, 2010.

Glenn E. Brogan, New Castle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Senior Judge.

This appeal requires a follow-up and application of the recent Indiana Supreme Court decision in *Wallace v. State,* 905 N.E.2d 371 (Ind.2009), *reh'g denied.* The principle enunciated in that case is that application of the 1994 Sex Offender Registration Law to persons who committed a sex offense prior to enactment of that law constitutes a violation of the *ex post facto*

clause of the Indiana Constitution. Ind. Const. Art. I, § 24.[1]

The decision, however, did not set forth any procedures or guidelines for implementation of the newly announced principle to other persons seeking relief from the *ex post facto* punishment of sex offender registration requirements. Neither did the decision address possible variations of the factual posture of the issue.[2]

In this case, Glenn E. Brogan (Brogan) appeals the Noble Superior Court's denial of his Motion to Remove Defendant from Indiana's Sex Offender Registry (the Motion).[3]

On October 31, 1994, in Noble County, Brogan pleaded guilty to two counts of child molesting, both as class C felonies. On November 14, 1994, the trial court sentenced Brogan to an aggregate sentence of five (5) years.

On August 24, 2009, Brogan filed the Motion. Brogan contended, and contends on appeal, that he cannot be required to register as a sex offender because such a requirement, as applied to him, is an *ex post facto* punishment in violation of Article I, Section 24 of the Indiana Constitution. The trial court denied Brogan's Motion on the same date that it was filed. In its order, the trial court concluded:

> Because the Defendant has fully served his sentence in this case and is not on probation, and at no time has this Court ordered the Defendant to comply with the sex offender registry requirements, this Court does not have the authority or jurisdiction to order the removal of Defendant's name from the sex offender registry.

Appellant's App. p. 4.

The statutes collectively referred to as the Indiana Sex Offender Registration Act ("the Act") require defendants convicted of certain offenses to register with law enforcement agencies and disclose specific information.[4] As enacted in 1994, effective July 1, 1994, the Act defined an "offender" as "a person on probation or parole as a result of a conviction [for certain enumerated offenses]." 1994 Ind. Acts 11, § 7. The offender was required to register with the local law enforcement agency where the offender resides or intends to reside within seven days of his arrival at the place of residence or intended place of residence.[5] *Id.* Subsequent amendment extended the duty to register to places in which the offender owns real property, is or intends to be employed or carry on a vocation, or is enrolled or intends to be enrolled at an educational institution. *See* Ind.Code § 11–8–8–7 (West's Annotated Code Supplement 2008).

The 1994 law also provided that the duty to register terminated with the offender's release from parole or probation. 1994

---

1. Article I, Section 24 of the Indiana Constitution provides that "[n]o ex post facto law ... shall ever be passed."

2. In *Wallace,* the appellant presented an *ex post facto* defense to a prosecution for failure to register as a sexual offender. 905 N.E.2d at 373.

3. Brogan filed his Motion in the Noble Circuit Court where he had been convicted of two sex offenses. The Motion was transferred to the Noble Superior Court, Division One.

4. The Act currently distinguishes between sex or violent offenders and sexually violent predators, and it imposes different requirements upon each classification of offender. In this case, the State does not contend that Brogan is a sexually violent predator, so we review Brogan's claims pursuant to the statutory provisions that govern sex offenders.

5. The statute as enacted also required the Indiana Criminal Justice Institute to "establish and maintain ... a sex offender registry...." 1994 Ind. Acts 11, § 5.

Ind. Acts 11, § 7. Thus the registration duty was clearly related solely to the predicate criminal sexual offense itself. The duty was not open-ended.

In 1995, the General Assembly refined and limited the definition of "offender" to be "of a person convicted after June 30, 1994...."[6] 1995 Ind. Acts 63, § 1. It deleted the language providing that the offender must be a person on parole or probation for such offense or offenses, but provided that the duty to register expired ten years after the offender was "released from prison, placed on parole, or placed on probation...." *Id.* at § 2. It appears that the requirement to register was still tied to the basic sex crime conviction and its direct consequences, i.e. imprisonment, parole or probation.

However, as of the 1995 amendment, it was apparently not contemplated that the offender was required to register while incarcerated immediately following conviction. The duty was triggered by release from prison after serving the sex offense sentence, whether by expiration of the sentence, or by parole or by probation upon the offense.

In 2003 an amendment contained the requirement that the registration occur no later than seven days from release from penal custody, or parole, or probation. 2003 Ind. Acts 55, § 1. Again, this indicates no requirement for registration during the time the offender is serving his executed sentence for the underlying criminal sexual offense.

Under the basic statutory scheme, because the required registration was to be made to a local law enforcement agency, under a 2002 amendment the county sheriff or the police chief of a consolidated city became required to notify the Indiana Criminal Justice Institute (the Institute) of each registration by sending a copy of the registration to the Institute. 2002 Ind. Acts 116, § 9. The 2002 amendment also created a central "Indiana sex offender registry" to be established and maintained by all sheriffs jointly. *See* Ind.Code § 36–2–13–5.5.

An amendment in 2005 required county sheriffs and consolidated city police chiefs to send copies of each registration to the Indiana Department of Correction (the Department) for inclusion in an automated victim notification system under I.C. § 11–8–7–1 *et seq.* (also created in the 2005 amendment).[7] 2005 Ind. Acts 64, § 3.

We do not perceive that the central registry maintained by the Indiana Sheriffs' Association (the Association) abolishes or in any way limits the central registry maintained by the Institute and, as of 2005, by the Department. It may well be, and we assume, that central registries are maintained by multiple state-wide agencies, including the three mentioned above.

For the first time, the 2006 codification of the law contained the following provision:

"A sex offender committed to the department shall register *with the department* before the sex offender is released

**6.** It should be noted that although the duty to register was triggered by a "conviction" for a sex offense, for purposes of applying the *ex post facto* protections, the date the offense was committed is the operative date, not the date of conviction for the offense.

**7.** In 2006 (P.L. 140) the sex offender registration provisions were codified in a new Chapter, I.C. 11–8–8–1 *et seq.* *See* 2006 Ind. Acts 173, § 13. As of July 1, 2006, therefore, the offender was required to register with the "local law enforcement authority," thereby reinstating the original language of the statute rather than specifying the "sheriff of the county" or the "chief of police."

from incarceration. The department shall forward the sex offender's registration information to the local law enforcement authority of every county in which the sex offender is required to register."

2006 Ind. Acts 173, § 13 (emphasis supplied).

This new provision appears to contemplate registration of a sex offender before he takes up residency, employment or education in a particular county or counties. It also appears that the duty to register occurs with the conviction and with incarceration with the Department for the very offense enumerated in the Act itself. Registration is therefore not triggered by the presence of the offender in an Indiana community following release from custody but is triggered by conviction for the offense itself.

We do not construe the provision to contemplate a registration requirement with the Department for a person who, though a sex offender for a prior conviction and having been released from incarceration, or placed on parole or probation, is committed anew to the Department for a totally unrelated crime. If the offender, however, violates his parole or probation upon the original sex offense and is reincarcerated to serve time for the original offense, a new duty to register might be required.

Suffice it to say that we are called upon to decide in what forum or forums a petitioner may seek *Wallace* relief.

As a preliminary matter, we consider whether Brogan's claim is proper for our determination. This may be referred to as the doctrine of "ripeness." In essence, "ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on ab-

stract possibilities...." *Rene ex rel. Rene v. Reed*, 726 N.E.2d 808, 822 (Ind.Ct.App. 2000) (quoting *Indiana Department of Environmental Management v. Chemical Waste Management, Incorporated*, 643 N.E.2d 331, 336 (Ind.1994)). A court ruling on a ripeness challenge must consider "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quoting *Pacific Gas & Electric Company v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 201, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983)) (quotation omitted).

Brogan, who is incarcerated with the Department, although not upon the 1994 sex offense convictions, asked the trial court to immediately relieve him from the requirements imposed by the Act, and his claim is ripe for two reasons. First, Brogan is obligated to register with the Department as a sex offender before his release from incarceration. *See* I.C. § 11–8–8–7(f). Second, the State concedes that Brogan is incarcerated for a conviction from Huntington County for failure to register as a sex offender.[8] Appellee's Br. p. 2. Therefore, Brogan's claim is based on present, ongoing alleged harm, not abstract possibilities, and his appeal is fit for consideration on the merits.

It is also necessary to determine whether Brogan's "Motion" is a cognizable vehicle for the *ex post facto* argument. It is not implausible to consider the Motion as a "petition" filed pursuant to Ind.Code § 11–8–8–22, as enacted in 2007 and revised by 2010 Indiana Legislative Service P.L. 103–2010, § 2 (West). That statute provides for a petition by a sex offender to have his name removed from the designation as a sex offender so as to relieve him from the duty to register as a sex offender.

8. It is unclear whether Brogan remains incarcerated.

*Id.* This provision contemplates removal of the person's name from any sexual offender registry, whether in a particular locality or in a centrally maintained registry. *Id.* The provision is made applicable if there has been a "change in federal or state law after June 30, 2007." *Id.* We hold that the Indiana Supreme Court decision in *Wallace, supra,* is such a change in Indiana law. Furthermore, the provision, as recently amended, effective March 24, 2010, explicitly authorizes an offender to raise an *ex post facto* claim in a petition to be relieved of the obligation to register as a sex offender. *See* 2010 Ind. Legis. Serv. P.L. 103–2010, § 2 (West). Therefore, Brogan appropriately presented his request to be removed from the sex offender registry in the "Motion."

■ Turning to the case before us, a crucial issue is whether the trial court properly determined that it lacked jurisdiction to order Brogan's name removed from the sex offender registry. When jurisdictional facts are not in dispute, the question of whether a lower court had jurisdiction is reviewed *de novo. Phares v. State,* 796 N.E.2d 305, 306–307 (Ind.Ct. App.2003).

■ With regard to the precise issue as to the particular Indiana forum or forums available for the granting of relief, the State contends that the Noble Superior Court lacks jurisdiction. It is argued that the court lost jurisdiction more than fifteen years ago when it entered its final judgment of conviction on November 14, 1994.[9] The State further contends that because the registration law is mandatory, the trial court is without power to change the application of the Sex Offender Registry. Accordingly, it is asserted that the Noble Superior Court properly denied Brogan's Motion.

Given the recency of the *Wallace* decision and the absence of a charted path in that case, it is not surprising that Brogan sought relief in Noble County. It was in that county that he was convicted of crimes which triggered a putative duty to register. Nevertheless, it is equally unsurprising that given the procedural posture of the case, the Noble Superior Court reached the conclusion quoted earlier in dismissing Brogan's Motion. The trial court's reasoning is particularly understandable in light of the fact that as the State observes, Brogan "is currently incarcerated at New Castle Correctional Facility, for failure to register as a sex offender; this is in Cause Number 35–C–02–0803–FC–00017 out of Huntington County, that he was sentenced for same on July 1, 2008 . . . ." Appellee's Br. p. 2.

In this case, Brogan filed his Motion under his original criminal cause number. Brogan argues that the trial court is "in the best position to determine and clarify Brogan's sentence." Appellant's Br. p. 17. However, Brogan does not dispute the trial court's determination that the original sentencing order did not require him to register as a sex offender. Brogan also does not dispute that he has served the sentence for his child molestation convictions.

Under the new legislative enactment, the General Assembly has expressed an intention that a petition to be relieved of the obligation to register as a sex offender should be filed in a county other than the county where the offender was originally convicted of a sex offense, if the offender

---

9. The judgment of conviction was entered in 1994 by the Noble Circuit Court and Brogan's Motion to Remove Defendant from Sex Offender Registry was filed in that court. As is noted above, however, the Motion was transferred to the Noble Superior Court, Division One.

has no other current connection to the County. As recently amended, Ind.Code section 11–8–8–22 provides,

> A petition under this section shall be filed in the circuit or superior court of the county in which the offender resides. If the offender resides in more than one (1) county, the petition shall be filed in the circuit or superior court of the county in which the offender resides the greatest time. If the offender does not reside in Indiana, the petition shall be filed in the circuit or superior court of the county where the offender is employed the greatest time. If the offender does not reside or work in Indiana, but is a student in Indiana, the petition shall be filed in the circuit or superior court of the county where the offender is a student. If the offender is not a student in Indiana and does not reside or work in Indiana, the petition shall be filed in the county where the offender was most recently convicted of a crime listed in section 5 of this chapter.

2010 Ind. Legis. Serv. P.L. 103–2010, § 2. Under this statute, the most appropriate place for Brogan to file his Motion is the county in which he resides.

As a general proposition, in the absence of a constitutional or statutory provision for extra-territorial jurisdiction, a court created within and for a particular territory within the state is limited in its jurisdiction to such territory. *See* 21 C.J.S. *Courts* § 96 (2006).

More specifically, the Noble Superior Court, by Indiana statute, has the same jurisdiction as the Noble Circuit Court. Ind.Code § 33–33–57–4. The Noble Circuit Court has jurisdiction "in all civil cases and in all criminal cases except where exclusive jurisdiction is conferred by law upon other courts of the same *territorial jurisdiction.*" Ind.Code § 33–28–1–2 (emphasis added). That the jurisdiction of the Noble Circuit and Superior Courts is limited to the territorial boundaries of the county is made clear by two old cases. In *Sherry v. Winton,* 1 Ind. 96, 98–99 (1848), our Supreme Court held that process issued by the Carroll Circuit Court was void as issued to the Sheriff of Tippecanoe County. *See also Lowery v. State Life Insurance Company,* 153 Ind. 100, 54 N.E. 442 (1899).

One thing is patently clear from the *Wallace* decision. Brogan is entitled to have his name removed from any sex offender registry which has resulted from his 1994 convictions in Noble County. There are or may be multiple Indiana counties which have registries containing a particular individual's name. We do not believe that such person must file a petition for removal of his name in each every such county.

We do hold, however, that Noble County is not, under the facts of this case, the appropriate forum in which to obtain judicial relief directing registry officials in another county to remove his name.

We affirm the ruling of the Noble Superior Court without prejudice to the right of Brogan to seek relief pursuant to Ind.Code § 11–8–8–22.[10]

Affirmed.

RILEY, J., concurs.

BARNES, J., concurring in result with separate opinion.

---

10. We are unable to specify the county in which Brogan must file the petition because Ind.Code § 11–8–8–22 requires Brogan to file a petition in the county where he resides. The Act defines a "principal residence" as "the residence where a sex or violent offender spends the most time." Ind.Code § 11–8–8–3. If Brogan remains incarcerated, it appears that the county where he is incarcerated would be the proper place to file a petition to be relieved from the obligation to register as a sex offender.

BARNES, Judge, concurring in result.

I respectfully concur in result. I agree that the trial court properly denied Brogan's motion and that Brogan should be required to refile his claim pursuant to the newly amended Indiana Code Section 11–8–8–22. I only concur in result, however, due to the majority's holding that "Brogan is entitled to have his name removed from any sex offender registry which has resulted from his 1994 convictions in Noble County." Slip Op. p. 11. It may be true that Brogan is entitled to have his name removed from the sex offender registry. That determination, however, should be made by the trial court if Brogan refiles his motion pursuant to Indiana Code Section 11–8–8–22. The procedures set out in the amended statute allow the trial court, and this court on appeal, to be fully informed of a sex offender's circumstances, including the offender's full criminal history, dates of offenses, and reason for being required to register. All interested parties are given notice of the proceedings. I think it is premature at this time to hold that Brogan is entitled to have his name removed from the sex offender registry. For this reason, I concur in result.