# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DEBORAH K. SMITH**
Thorntown, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jul 26 2012, 9:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JEREMIAH CLINE,                                )
                                               )
    Appellant-Petitioner,          )
                                               )
      vs.                      )   No. 06A05-1111-MI-611
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Respondent.           )

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable J. Jeffrey Edens, Judge
Cause No. 06C01-1103-MI-256

**July 26, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

The Boone Circuit Court determined that Jeremiah Cline ("Cline") is not required to register as a sex offender, but also determined that it lacked authority to order the removal of Cline's name and information from the Indiana Sex Offender Registry ("the Registry"). Cline appeals and presents the sole issue of whether the trial court has authority to expunge Cline's information from the Registry. We affirm.

## Facts and Procedural History

Then twenty-year-old Cline engaged in sexual intercourse with a fifteen-year-old in February of 2001 and with a fourteen-year-old on June 4, 2001. On May 31, 2002, Cline pled guilty to two counts of Sexual Misconduct with a Minor, as Class C felonies.[1] He was sentenced to six years imprisonment, with two years suspended.

The Indiana Sex Offender Act (originally enacted in 1994) ("the Act"), was amended, effective July 1, 2001 such that one convicted of the crime of Sexual Misconduct with a Minor, as a Class C felony, was required to register as a sex offender. Although Cline's crimes predated the statutory change, he was required upon release from incarceration to register accordingly.

On July 26, 2011, Cline filed his "Amended Petition to Remove Petitioner From Sex Offender Registration Requirement." (App. 20.) A hearing was conducted on July 27, 2011. On October 24, 2011, the trial court issued an order with specific findings. The trial court found that Cline had no obligation to continue to register as a sex offender, because

---

[1] Ind. Code § 35-42-4-9(a).

2

application of the statutory change would constitute ex post facto punishment as to him. However, the trial court also found that it lacked authority to expunge Cline's existing information from the Registry. This appeal ensued.

**Discussion and Decision**

I. Standard of Review

Cline petitioned for relief pursuant to the provision of the Act allowing a sex offender to petition to remove the designation or register under less restrictive conditions. Ind. Code § 11-8-8-22. Generally, a trial court's ruling on a petition for relief filed under subsection 22 is reviewed for an abuse of discretion. Lucas v. McDonald, 954 N.E.2d 996, 998 (Ind. Ct. App. 2011). Here, however, the issue presented is one of law.

The interpretation of a statute is a legal question that is reviewable de novo. Avemco Ins. Co. v. State ex rel. McCarty, 812 N.E.2d 108, 115 (Ind. Ct. App. 2004). We owe no deference to a trial court's determination. Bowling v. State, 960 N.E.2d 837, 841 (Ind. Ct. App. 2012). The goal of statutory construction is to determine and implement legislative intent. Fort Wayne Patrolmen's Benev. Ass'n v. Fort Wayne, 903 N.E.2d 493, 497 (Ind. Ct. App. 2009), trans. denied. We read all sections of an act and strive to give effect to all provisions. Id. "We will not read into a statute that which is not the manifest intent of the legislature. For this reason, it is as important to recognize not only what a statute says, but also what a statute does not say." Cox v. Cantrell, 866 N.E.2d 798, 809 (Ind. Ct. App. 2007) (citation and quotation marks omitted), trans. denied.

II. Analysis

3

Indiana law requires persons convicted of sex or violent crimes to report to and register with local law enforcement. Ind. Code § 11-8-8-14. Sex offenders must fulfill obligations including providing personal information, registering annually,[2] being photographed, and keeping law enforcement authority apprised of any changes in work or residence. See id. Sex offender registry information appears on an Internet website jointly established and maintained by Indiana sheriffs. Ind. Code § 36-2-13-5.5.

However, effects of the Act have been declared in violation of the ex post facto clause contained in the Indiana Constitution,[3] as applied to persons who had committed their crimes prior to the imposition of any registration requirement. See Wallace v. State, 905 N.E.2d 371, 384 (Ind. 2009) (defendant's conviction for failing to register as a sex offender was reversed because the registration statute, as applied to him, added punishment beyond that which could have been imposed when he committed his crime), reh'g denied; see also State v. Pollard, 908 N.E.2d 1145, 1154 (Ind. 2009) (trial court properly dismissed charge that Pollard violated the residency restriction provision of the Sex Offender Registration Act when he had served his sentence before the Act was enacted and application to him would add punishment beyond that possible when his crime was committed).[4]

---

[2] Sexually violent predators must register every 90 days. Ind. Code § 11-8-8-14(b).

[3] Article I, section 24 of the Indiana Constitution provides that "[n]o ex post facto law … shall ever be passed."

[4] However, on the same day that it handed down Wallace, our supreme court handed down Jensen v. State, 905 N.E.2d 384, 394 (Ind. 2009), a plurality decision supporting the proposition that portions of the Act requiring lifetime registration may be applied retroactively if the offender was already required to register at the time of his offense. Jensen, who had pled guilty to child molesting while the registration statute included a ten-year reporting requirement, and was subsequently adjudicated a sexually violent predator and ordered to register for life, did not demonstrate a violation of the ex post facto clause. Id. See also Lemmon v. Harris, 949 N.E.2d 803 (Ind. 2011) (applying Jensen and concluding that a sexual violent predator designation with lifetime

Subsequent to the <u>Wallace</u> decision, our Legislature amended the Act such that it includes a provision allowing a sex offender to petition for removal of the designation, providing in relevant part:

> (c) A person to whom this section applies may petition a court to:
> (1)     remove the person's designation as an offender; or
> (2)     require the person to register under less restrictive conditions.
> (d) A petition under this section shall be filed in the circuit or superior court of the county in which the offender resides
> . . . .
>
> (g) A court may grant a petition under this section if, following a hearing, the court makes the following findings:
> (1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.
> (2)  If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:
>         (A) not be required to register as an offender; or
>         (B) be required to register as an offender, but under less restrictive conditions.
> (3)  If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

Ind. Code § 11-8-8-22(c)-(d),(g).  Cline contends that the foregoing is a statutory codification of <u>Wallace</u>, and must be interpreted so as to not only relieve him of future obligations but also to provide for removal of his name and existing information from the Registry. According to Cline, complete expungement is required to avoid ex post facto punishment because retention of identifying information (even without a duty to provide updates) has a punitive effect upon him akin to the ex post facto punishment discussed in <u>Wallace</u>.  He thus argues that, not only should he not have to register in the future, he should be placed in a

registration requirements did not violate the ex post facto clause).

5

position as if he had never reported his personal information.

In Wallace, our supreme court recognized that the Act imposes "significant affirmative obligations and a severe stigma on every person to whom it applies" and "exposes registrants to profound humiliation and community-wide ostracism." 905 N.E.2d at 379-80. Mindful of such onerous effects, the Court highlighted a deficiency of the Act as it then existed, observing:

> In this jurisdiction the Act makes information on all sex offenders available to the general public without restriction and without regard to whether the individual poses any particular future risk. Indeed we think it significant for this excessiveness inquiry that the Act provides no mechanism by which a registered sex offender can petition the court for relief from the obligation of continued registration and disclosure. Offenders cannot shorten their registration or notification period, even on the clearest proof of rehabilitation.

Wallace, 905 N.E.2d at 384. Effectively, our supreme court invited the Legislature to provide a "mechanism by which a registered sex offender can petition the court for relief from the obligation of continued registration and disclosure" or for shortening the time of obligation. Id. (emphasis added.) The Legislature responded by enacting a mechanism for relief from registration obligations and for shortening of the period of obligation. Notably, the Wallace Court did not address expungement; nor did the legislative response specifically do so.

Although Cline claims he will have to endure the stigma associated with registration even if he does not register in the future, the fact that Cline committed sex crimes is a matter of public record. We do not read the Wallace decision as broadly as does Cline; it does not insulate an offender from all punitive consequences associated with having committed his

6

crimes.[5] Furthermore, the statutory provision under which Cline sought relief does not include an expungement provision.[6] We will not add such a provision. See Cox, 866 N.E.2d at 809 (observing that we will not read into a statute that which is not the manifest intent of the legislature).

Nonetheless, a panel of this Court has very recently observed: "The undisputed facts here establish that the DOC [the Indiana Department of Correction] determines whether an incarcerated individual belongs on the Registry and also handles complaints about mistaken sex offender registrations." Myers v. Coats, 966 N.E.2d 652, 658 (Ind. Ct. App. 2012) (emphasis added). We further observed that the DOC had added an administrative appeal to allow for challenges to errors on the Registry. Id. at 4, n.4. Cline is not precluded from this avenue, although we express no opinion on the breadth of relief to be afforded, if any.

Cline has not demonstrated his entitlement to expungement as a judicial remedy; the trial court did not misapply the law. Accordingly, we affirm the trial court.

Affirmed.

---

[5] We acknowledge that, in Brogan v. State, 925 N.E.2d 1285, 1289 (Ind. Ct. App. 2010), a panel of this Court stated that Indiana Code Section 11-8-8-22, as revised in 2010, "provides for a petition by a sex offender to have his name removed from the designation as a sex offender so as to relieve him from the duty to register as a sex offender." In determining whether Brogan's motion for removal from the Registry was a cognizable vehicle for his ex post facto argument, the Court appeared to equate "removal of the person's name from any sexual offender registry" with "relie[f] from the obligation to register." Id. at 1289-90. In holding that Noble County was not the appropriate forum in which to obtain judicial relief directing removal of Brogan's name, the Court observed: "One thing is patently clear from the Wallace decision. Brogan is entitled to have his name removed from any sex offender registry which has resulted from his 1994 convictions in Noble County." Id. at 1291. See also Clampitt v. State, 932 N.E.2d 1256, 1258 (Ind. Ct. App. 2010) (directing the trial court to consider an amended petition "to remove [Clampitt]'s name from Indiana's sex offender registry").

[6] The general expungement statute, Indiana Code § 35-38-5-1, affords relief only when there has been no charge following an arrest or where a charge is dismissed because of mistaken identity, no offense was in fact committed, or there is an absence of probable cause.

MATHIAS, J., concurs.

ROBB, C.J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

JEREMIAH CLINE,                          )
                                         )
    Appellant-Petitioner,        )
                                         )
    vs.                          )          No. 06A05-1111-MI-611
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Respondent.         )

ROBB, Chief Judge, dissenting

I respectfully dissent. I begin to explain why by briefly describing the factual and legal context. Upon Cline's release from incarceration, a state office required Cline to add his name and information to the sex offender registry. He later took the initiative to request the court remove[7] his name and information, alleging it was unlawful to require him to have registered at all. Following a hearing, the trial court agreed with Cline that authorities

---

[7] The majority and the trial court refer to Cline's request as one of expungement. While his request for removal of his name and information from the registry does constitute "expungement" in some form, expungement is a term of art which refers to complete removal of an arrest from one's criminal history retained by a local, regional, or state entity, see Ind. Code § 35-38-5-3, and limited access to one's criminal history upon the passage of fifteen years since the date of discharge from probation, imprisonment, or parole, see Ind. Code 35-38-5-5. Expungement is similar to what Cline requests regarding the sex offender registry, but the distinction is significant enough and the similarity is potentially confusing enough that I believe it important to use different nomenclature in discussing Cline's case. I refer to Cline's request as one to remove his name and information from the sex offender registry, and conclude his petition does not seek expungement of his arrest or conviction from his criminal record.

violated the Indiana Constitution by requiring he add his name and information to the registry in the first place. I agree, and the majority appears to as well.

The majority further concludes, though, that trial courts have no authority to correct this admitted constitutional violation by ordering the removal of an erroneous-registrant's name and information from the registry. It is this latter conclusion from which I respectfully dissent.

Before going further, it is important to note what this case is <u>not</u> about. It is not about determining whether the registry requirement is an ex post facto law as applied to Cline. It is not about removing one's name and information from the registry due to a change in the law that eliminates an offense for which one must register. For instance, it is not about one who initially registered pursuant to a statute requiring registry for a conviction of sexual misconduct with a minor and later seeks removal upon a statutory change so that one later convicted of that offense is not required to register. This case is also not about removal of one's name and information from the registry or termination of the duty to register upon the passage of a period of time since he or she began registering. <u>See</u> Ind. Code § 11-8-8-19(a). Finally, this case is not about expungement of a conviction from one's criminal history or record.

This is a case about whether a person who should not have had to but was erroneously required to add his name and information to the registry in the first place is entitled to relief in the form of having his name and information removed. The backdrop is <u>Wallace</u>, in which our supreme court held that the sex offender registration act was unconstitutional as applied

10

to one who committed his offense before the act was enacted. See 905 N.E.2d at 384. Specifically, the court held that it "violates the prohibition on ex post facto laws contained in the Indiana Constitution because it imposes burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed." Id. The General Assembly responded by amending Indiana Code section 11-8-8-22 to address the supreme court's ex post facto concern.

Thus, this case is also about interpreting and applying section 11-8-8-22. This section is poorly written and confusing. Nevertheless, a logical reading of the following subsections of section 11-8-8-22 determines the fate of Cline's petition.[8]

> (b) Subsection (g) applies to an offender required to register under this chapter if, due to a change in federal or state law after June 30, 2007, an individual who engaged in the same conduct as the offender:
> (1) would not be required to register under this chapter; or
> (2) would be required to register under this chapter but under less restrictive conditions than the offender is required to meet.
> (c) A person to whom this section applies may petition a court to:
> (1) remove the person's designation as an offender; . . .
> ***
> (g) A court may grant a petition under this section if, following a hearing, the court makes the following findings:
> (1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.
> (2) If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:
> (A) not be required to register as an offender; or
> (B) be required to register as an offender, but under less restrictive conditions.

---

[8] As to the principles governing our court's interpretation of a statute, I agree with the majority's references to and reading of Avemco, Bowling, Fort Wayne Patrolmen's Benev. Ass'n, and Cox. See Slip Op. at 3.

(3) If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

The court has the discretion to deny a petition under this section, even if the court makes the findings under this subsection.

Ind. Code § 11-8-8-22.

Subsection (c) states that the relief Cline seeks is available so long as the section applies to Cline. Subsection (b) states that a court may grant a petition to remove one's designation as an offender, referring to subsection (g), if "a change in federal or state law" after a certain date resulted in particular consequences for others. Subsection (g) also describes a court's authority regarding the registry when particular changes in the law occur.

The only way the repeated references to a "change in law" in section 11-8-8-22 make sense is if the section addresses the supreme court's concern that some applications of the registry laws lead to violations of the Indiana Constitution's ex post facto clause. If the statute – particularly subsection (c) – does not mean that a court may remove an offender's name and information from the registry, then it has no meaning at all. "The goal of statutory construction is to determine, give effect to, and implement the intent of the General Assembly." Sanders v. Bd. of Comm'rs of Brown Cnty., 892 N.E.2d 1249, 1252 (Ind. Ct. App. 2008), trans. denied. "[I]n seeking to give effect to the legislature's intent, we . . . strive to give effect to all of the provisions so that no part is held meaningless if it can be reconciled with the rest of the statute. We presume that our legislature intended for its language to be applied in a logical manner consistent with the statute's underlying policy and goals." Fort Wayne Patrolmen's Benev. Ass'n, 903 N.E.2d at 497-98 (citations omitted).

Further, to the extent it is clear that section 11-8-8-22 is intended to address the Indiana Constitution's prohibition of ex post facto laws, the authority to remove an offender's name and information from the registry must rest with <u>someone</u>. Subsection (c) states that the authority rests with the trial court. The majority suggests Cline take up his cause with the Department of Correction. I believe the trial court is the appropriate authority, first because it is explicitly designated as such in subsection (c), and second because Cline's allegation that his listing violates the Indiana Constitution is one which trial courts have the authority and legal training to address.

The majority also supports its decision, in part, by contending that removal of Cline's name and information from the registry would be pointless because Cline's convictions would remain part of the public record even if he receives the relief he seeks. This implies that the registry is not harmful or punitive, and perhaps is merely a replica of the already-public criminal history of offenders. Our supreme court concluded that the registry is punitive for its relative excessiveness, especially, as the majority points out, because as formulated at the time of <u>Wallace</u>, there was "no mechanism by which a registered sex offender can petition the court for relief from the obligation of continued registration and disclosure." Slip Op. at 6 (quoting <u>Wallace</u>, 905 N.E.2d at 384). As the majority notes, section 11-8-8-22 might have partially or fully addressed this concern.

Regardless, the supreme court concluded the registry is punitive for other reasons too: because it "impose[s] substantial disabilities on registrants," <u>Wallace</u>, 905 N.E.2d at 380, "resembles the punishment of shaming," is "comparable to conditions of supervised

13

probation or parole," id. at 381, and it "promote[s] community condemnation of the offender," id. at 382 (quotation omitted). Therefore, it is incorrect to suggest that removal of Cline's name from the registry would be pointless. To the extent the majority construes Cline's request as one to eliminate all punitive consequences associated with having committed his offenses, I believe that to be a different issue.

For these reasons, I respectfully dissent.