**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 12 2013, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHRISTOPHER E. WOOTEN, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 73A01-1206-CR-279 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Jack A. Tandy, Judge
Cause No. 73D01-1106-FD-122

**February 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Christopher Wooten appeals his conviction for child seduction, a Class D felony. Wooten raises one issue on appeal: whether there was sufficient evidence to sustain his conviction. Concluding that there was sufficient evidence, we affirm.

## Facts and Procedural History

The uncontested facts are that in the summer of 2010, Wooten met A.M. on Facebook. At the time, Wooten was twenty years old and A.M. was sixteen and a student at Shelbyville High School. They met in person about a month later and the relationship progressed through the winter. Wooten told A.M. that he was going to apply to be a substitute teacher in the Shelbyville School District, and he was hired by the district on February 8, 2011. Wooten and A.M. had sexual intercourse for the first time on March 3, 2011, then again later in March, and for a third and final time on April 1, 2011. Wooten began substitute teaching on March 7, 2011 and his last day as a substitute was April 14, 2011. During that time, he substituted at Shelbyville High School four times, one of which was for a single class period in which A.M. was a student.

On June 24, 2011, Wooten was charged with child seduction as a Class D felony. Following a jury trial, Wooten was found guilty and was later sentenced to eighteen months of incarceration, with three months executed and the remainder suspended to probation; Wooten was also ordered to register as a sex offender. This appeal followed.

## Discussion and Decision

### I. Standard of Review

Our standard of review for sufficiency claims is well settled. We will not reweigh the evidence or assess the credibility of witnesses. Watson v. State, 776 N.E.2d 914, 918 (Ind. Ct. App. 2002). We consider only the evidence most favorable to the verdict, together with all reasonable inferences that can be drawn therefrom. Id. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. Id.

Interpretation of a statute is a question of law, which we review de novo. Cline v. State, 971 N.E.2d 1240, 1242 (Ind. Ct. App. 2012). The goal of statutory construction is to determine and give effect to legislative intent. Id. The language of the statute itself provides the best evidence of legislative intent, and when interpreting a statute, we look at the statute as a whole. State v. Lynch, 961 N.E.2d 534, 537-38 (Ind. Ct. App. 2012). If a statute is unambiguous, we apply its plain and clear meaning; it is only when a statute is ambiguous that we must determine the legislature's intent in order to give effect to that intent. Bei Bei Shuai v. State, 966 N.E.2d 619, 627 (Ind. Ct. App. 2012), trans. denied. Penal statutes are to be strictly construed against the State and may not be enlarged beyond the fair meaning of the language used. Id. at 628. At the same time, penal statutes are not to be so narrowly interpreted as to exclude fairly covered instances. Id.

### II. Wooten as a Child Care Worker

Wooten was charged with child seduction under Indiana Code section 35-42-4-7(k) as a child care worker for A.M. Wooten does not contest that the age requirements of the statute were met, or that he and A.M. had sex. Wooten does not argue, and the

3

record does not indicate, that he was not an employee of the school corporation attended by A.M. What Wooten argues is that he does not fall within the definition of a "child care worker" because he was not in a position of authority or trust over A.M. and did not have the ability to discipline her, and their relationship began before he became a substitute teacher.

"Child care worker" is defined within the statute as being, in relevant part, a person who

> (2) is employed by a:
>     (A) school corporation;
>     (B) charter school;
>     (C) nonpublic school; or
>     (D) special education cooperative;
> attended by a child who is the victim of a crime under this chapter;

Ind. Code § 35-42-4-7(d)(2). Wooten cites in part Stratton v. State, 791 N.E.2d 220, 224 (Ind. Ct. App. 2003), trans. denied, for the proposition that being in a position of trust or authority is relevant to the inquiry of whether a person is a child care worker. However, at the time relevant to that case, the statute defined a child care worker as "a person who provides care, supervision, or instruction to a child within the scope of the person's employment in a public or private school or shelter care facility." Ind. Code § 35-42-4-7(c) (2002). In our current version of the statute, the definition of a child care worker has since been expanded and broken into disjunctive sub-sections. The relevant subsection here no longer takes into account the level of supervision or trust that the worker had relative to the victim, and the current version plainly encompasses Wooten.[1]

---

[1] The relevant language was identical when Wooten was charged.

4

The language of the older version of the statute, as well as other sub-sections of the current statute, clearly indicates that the legislature knows how to use qualifiers if it wants to, but has chosen not to do so when it comes to employees of school corporations. Where, as here, the language of the statute is unambiguous, we cannot read into the statute an absent qualifier regarding the level of supervision that Wooten had over A.M. In Smith v. State, 867 N.E.2d 1286, 1289 (Ind. 2007), our supreme court construed the statute to exclude a bus driver who was an independent contractor, even though he had the same supervisory and disciplinary powers over bus passengers as employee bus drivers. This was because the plain language of the statute covered only employees of the school corporation, regardless of level of supervision. Likewise, the current version of our statute covers all employees of a school corporation, regardless of level of supervision.

## Conclusion

Concluding that there was sufficient evidence from which a jury could have determined that Wooten was a child care worker under the statute and was thus guilty, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

5