Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 10 2013, 10:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SEAN M. ROW**
Galyen & Row Law Office, LLP
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD ANDREW MANLEY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1301-CR-52 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1207-MI-84

**September 10, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Ronald Manley ("Manley"), a convicted sex offender, appeals the Henry Circuit Court's denial of his petition to remove his designation as a sexually violent predator and the accompanying requirement that he register as a sex offender for life. Manley argues, that as applied to him, the requirement that he register as a sex offender for life constitutes ex post facto punishment in violation of the Indiana Constitution.

We disagree and affirm.

**Facts and Procedural History**

On September 26, 1997, Manley was convicted of three counts of Class B felony child molesting, one count of Class B felony attempted child molesting, Class C felony child molesting, and Class A misdemeanor impersonating a public servant. Manley committed his crimes between the dates of August 12, 1994 and January 21, 1995. On May 22, 1998, he was ordered to serve an aggregate forty-one year sentence in the Department of Correction. Manley's earliest possible release date is May 4, 2014.

On some date prior to June 8, 2012, Manley requested information from the Indiana Sex and Violent Offender Registry concerning his responsibilities to register upon his release from incarceration. On June 8, 2012, Manley received correspondence from a Registry Analyst informing Manley that he is classified as a sexually violent predator due to his aforementioned convictions, and is therefore required to register for life in Indiana. Appellant's App. p. 17.

On August 14, 2012, Manley filed a "Petition for Relief From Retroactive Application of Statutes" in Henry Circuit Court. Manley alleged that he was entitled to relief from retroactive application of the Indiana Sex Offender Registration Act

2

("INSORA") because the law in effect when he committed his crimes provided that the offender's duty to register terminated with the offender's release from parole or probation. Therefore, Manley argued that requiring him to register for life as a sexually violent predator violates Indiana's prohibition against ex post facto laws. The State responded to Manley's petition arguing 1) that the matter was not ripe for adjudication, and 2) that requiring Manley to register does not violate Indiana's Ex Post Facto Clause.

On January 15, 2013, the trial court denied Manley's petition without holding a hearing on the matter. Manley now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Manley claims that his designation as a sexually violent predator and the accompanying requirement that he register as a sex offender for his lifetime violate the Ex Post Facto Clause of the Indiana Constitution.[1] The Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. art. I, § 24. The ex post facto prohibition forbids any law that imposes a punishment for an act that was not

---

[1] In a footnote in its brief, the State suggests that Manley's claim is not yet ripe for adjudication because he is still incarcerated with an earliest possible release date in May 2014. In doing so, the State cites to Justice Sullivan's concurring opinion in Jensen v. State, 905 N.E.2d 384, 396 (Ind. 2009) (Sullivan, J., concurring in result). Justice Sullivan noted that Jensen raised his ex post facto challenge to the lifetime registration requirement before the ten-year registration period to which Jensen conceded that he was subject had run. Justice Sullivan also observed that once the ten-year period ends, Jensen can petition the trial court for a determination that he should no longer be considered a sexually violent predator. The majority of our supreme court failed to adopt Justice Sullivan's reasoning, and under the doctrine of *stare decisis* and in the interest of judicial economy, we decline to do so. Cf. Harlan v. State, 971 N.E.2d 163 (Ind. Ct. App. 2012) (addressing an ex post facto challenge to the requirement to register under INSORA on direct appeal of the defendant's child molesting convictions); Gardner v. State, 923 N.E.2d 959, 960 (Ind. Ct. App. 2009) (holding that the appellant's claim was not ripe for adjudication because his release from prison was not imminent and the Department of Correction had not notified him that he is or will be required to register as a violent offender), trans. denied.

3

punishable at the time it was committed, or imposes additional punishment to the punishment then prescribed. Wallace v. State, 905 N.E.2d 371, 377 (Ind. 2009). "The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties." Id.; see also Blakemore v. State, 925 N.E.2d 759, 761 (Ind. Ct. App. 2010).

When we consider ex post facto claims, we assess the alleged constitutional violation using the factors established by the United States Supreme Court in Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963) and adopted by our supreme court in Wallace v. State, 905 N.E.2d 371 (Ind. 2009). See also Gonzalez v. State, 980 N.E.2d 312, 316 (Ind. 2013) (stating "[i]n evaluating an ex post facto claim under the Indiana Constitution we apply what is commonly known as the 'intent effects' test"). Where the legislation's intention is civil or regulatory in nature, our courts must consider the "intent-effects" test's seven factors to determine if the effects of the statute are so punitive as to transform the regulatory scheme into a criminal penalty. Wallace, 905 N.E.2d at 379.

> [1] [w]hether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment—retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned.

Id.

Turning now to Manley's precise claim, we observe that INSORA, currently codified at Indiana Code chapter 11-8-8, took effect on June 30, 1994. When originally enacted, the duty of sex offenders to register was prospective only and terminated when the offender was no longer on probation or discharged from parole. See Andrews v. State, 978 N.E.2d 494, 496 (Ind. Ct. App. 2012), trans. denied.

However, in 1995, the General Assembly redefined the term "offender" to include "a person convicted after June 30, 1994." Brogan v. State, 925 N.E.2d 1285, 1288 (Ind. Ct. App. 2010) (citing 1995 Ind. Acts 63, § 1). The 1995 amendment also "deleted the language providing that the offender must be a person on parole or probation for such offense or offenses, but provided that the duty to register expired ten years after the offender was "released from prison, placed on parole, or placed on probation[.]" Id. (quoting 1995 Ind. Acts 63, § 2).

Manley's offenses were committed after June 30, 1994, the date the first version of INSORA took effect, but prior to the effective date of the 1995 amendment.[2] In his petition to the trial court, he first argued that, as it is applied to him, the requirement to register as a sex offender for ten years violates the ex post facto clause. See Appellant's App. p. 11.

In Healey v. State, 969 N.E.2d 607 (Ind. Ct. App. 2012), trans. denied, our court addressed a nearly identical set of circumstances. The offender in Healey committed his crimes after the initial effective date of INSORA, but before the 1995 amendment

---

[2] However, Manley was not convicted of his crimes until 1997, and he is still incarcerated for his child molesting convictions.

extending the registration requirement to ten years. Our court applied the "intent-effects" test and determined that two of the seven factors "lean in favor of treating the effects of the 1995 amendment as punitive when applied to Healey." Id. at 615-16. Those two factors were 1) that the reporting requirement has historically been regarded as a punishment; and 2) that INSORA applies to offenses that require a finding of scienter. Id. at 614. Because the remaining factors favored treating the 1995 amendment as non-punitive, we concluded that applying the 1995 amendment to Healey did not violate the Indiana Constitutional prohibition against ex post facto laws. Id. at 616. For the reasons expressed in Healey, we conclude that there is no ex post facto violation when the 1995 amendment is applied to Manley. See also Harlan v. State, 971 N.E.2d 163, 169 (Ind. Ct. App. 2012).

Manley also challenges his designation as a sexually violent predator and the resulting requirement that he register for life. Subsequent amendments to INSORA created the designation of sexually violent predators and a 2003 amendment to the act created the requirement that sexually violent predators register for life. Lemmon v. Harris, 949 N.E.2d 803, 806 (Ind. 2011). Moreover, the 2007 amendment to INSORA provided that an offender is a sexually violent predator "'by operation of law if an offense committed by the person [is a qualifying offense] and the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994.'" Id. at 807 (quoting Ind. Code § 35-38-1-7.5(b)).

In Lemmon, Harris was convicted of child molesting before INSORA was amended to require that sexually violent predators register for life. 949 N.E.2d at 804.

6

Just prior to his release from prison in 2007, the Department of Correction informed Harris that he was required to register as a sexually violent predator for his lifetime. Harris argued that he was only required to register for ten years following his release from prison and that requiring him to register for his lifetime violated Indiana's Ex Post Facto Clause.

In its consideration of Harris's claims, our supreme court initially concluded that because Harris was convicted of child molesting, under the 2007 amendment to INSORA, the trial court was not required to determine his sexually violent predator status, but that Harris was a sexually violent predator by operation of law. Specifically, the court stated:

> [u]nder the 2007 Amendment, the Legislature had changed the Act from requiring the court to determine SVP status at the sentencing hearing to the "automatic designation of SVP status." At the time Harris was released from prison in December, 2007, the sentencing court was no longer required to have "determined" a person's SVP status. Instead, the statute in effect at that time provided that a person is an SVP "by operation of law" under Indiana Code section 35-38-1-7.5(b) if he or she committed one of the designated offenses; Indiana Code section 35-38-1-7.5(d) only required that the sentencing court "indicate on the record" whether he or she had committed such an offense. Moreover, unlike the 2006 Amendment, the 2007 Amendment explicitly states that its provisions apply to persons who commit designated offenses and are "released from incarceration, secure detention, or probation for the offense after June 30, 1994."
> Based on its plain language, we conclude that Indiana Code section 35-38-1-7.5 applies retroactively to Harris. Specifically, because Harris was convicted of child molesting as a Class B felony (one of the qualifying offenses) and because he was released from incarceration after June 30, 1994, the statute provides that his status is SVP by operation of law.

Id. at 808-09 (footnotes and internal citations omitted).

Next, the court addressed Harris's argument that his sexually violent predator classification and resulting lifetime registration requirement violates the Ex Post Facto

7

Clause of the Indiana Constitution. After applying the "intent-effects" test adopted in Wallace v. State, our supreme court concluded that there was no constitutional violation because INSORA is nonpunitive when applied to Harris.

The court noted that the registration requirement was in effect when Harris committed his crimes and that INSORA "undoubtedly advances a legitimate, regulatory purpose in that it promotes public safety." Id. at 812. But most importantly, the court observed:

> [T]he 2007 Amendment provides that in ten years from the date of his release from prison—the time frame in which Harris was originally required to register—he may petition the court "to consider whether [he] should no longer be considered [an SVP]." Ind. Code § 35-38-1-7.5(g) (Supp. 2007). And, under the 2007 Amendment, the court at that point may determine if Harris presents a future threat—i.e., "suffers from a mental abnormality or personality disorder that makes [him] likely to repeatedly commit a sex offense," I.C. § 35-38-1-7.5(a)—after consulting with two psychologists or psychiatrists who have expertise in criminal behavioral disorders. I.C. § 35-38-1-7.5(g). As we read the 2007 Amendment, if he is not an SVP under this standard, then he no longer has to register as one and his lifetime-registration requirement terminates. But if he is, then the Act requires him to continue to register; he can petition the court again to determine his SVP status in another year.
>     It is clear to us that this provision of the 2007 Amendment advances the Act's legitimate regulatory purpose of public safety--by its terms, only those people who present a future threat are required to register for their lifetimes.

Id. at 812-13 (internal citations and footnotes omitted). See also Jensen v. State, 905 N.E.2d 384, 394 (Ind. 2009) (concluding that the effects of the Act are non-punitive when applied to Jensen because the "broad and sweeping" disclosure requirements were in place and applied to Jensen at the time of his guilty plea in 2000; therefore requiring him to register for life under the 2006 amendment to the Act does not violate Indiana's

8

constitutional prohibition against ex post fact laws); Hollen v. State, --- N.E.2d --- (Ind. Ct. App. 2013) (concluding that where the offender committed his offenses after INSORA's 1994 effective date but before the sexually violent predator designation and lifetime registration requirement were established, requiring the offender to register as a sexually violent predator does not violate Indiana's Ex Post Facto Clause); Harlan, 971 N.E.2d at 169-70 (rejecting Harlan's ex post facto challenge to his designation as a sexually violent predator even though his crimes were committed well before the amendment to INSORA creating such designation).

Manley's circumstances are akin to those in Lemmon and Hollen. Several of the "intent-effects" test factors weigh in favor of non-punitive treatment. Child molesting was a registration-triggering offense when Manley committed his crimes, our courts have consistently held that INSORA advances a legitimate regulatory purpose to protect the public from repeat sex offenders, and most important, Manley may petition the trial court in the future for review of his dangerousness and rehabilitation status at that time. See I.C. 35-38-1-7.5(g); Lemmon, 949 N.E.2d 812-13; Hollen, --- N.E.2d at ---.[3] Accordingly, for the reasons expressed in Lemmon and Hollen, we likewise conclude that

---

[3] Our supreme court recently reached the opposite conclusion in Gonzalez v State, but the circumstances in that appeal were markedly different than those present in this case. There, Gonzales was not classified as a sexually violent predator, but is still required to register for life under Indiana Code section 11-8-8-19(c) by virtue of the nature of his offense. 980 N.E.2d at 320. A "non-SVP", who is required to register for life, cannot petition the trial court to remove the requirement that the offender register for life on the grounds of future dangerousness or complete rehabilitation. For this reason, our supreme court concluded that "retroactive imposition of a lifetime registration requirement appears excessive in relation to the purpose of protecting the public from repeat sexual crime offenders" and therefore held that, as applied to Gonzalez, imposition of lifetime registration violates the Ex Post Facto Clause of the Indiana Constitution. Id. at 320-21.

9

neither Manley's designation as a sexually violent predator nor the requirement that he register for life violate our constitutional prohibition against ex post facto laws.

For all of these reasons, we affirm the trial court's denial of Manley's petition to remove the designation of his status as a sexually violent predator.

Affirmed.

NAJAM, J., and BROWN, J., concur.