## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2019, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Terrence Paschall<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Frances Barrow<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Terrence Paschall,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | May 21, 2019<br><br>Court of Appeals Case No.<br>18A-MI-2444<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1801-MI-42 |

**Baker, Judge.**

[1] Terrence Paschall appeals from the denial of his petition for declaratory judgment and preliminary injunction. Finding no error, we affirm.

[2] In May 2012, Paschall pleaded guilty to rape. He was sentenced to serve twenty years and is currently incarcerated at the New Castle Correctional Facility, with an earliest possible release date of December 14, 2019.

[3] In June 2018, Paschall filed a petition asking the trial court to order that, upon release from incarceration, he (1) would not be designated as a sexually violent predator; (2) would not have to register as a sex offender through the Indiana Sex Offender Management and Monitoring program (INSOMM); and (3) would not have to abide by parole conditions restricting his movements and residency. On August 27, 2018, the trial court denied Paschall's petition, finding that it was not ripe because he was still incarcerated. Paschall now appeals.

[4] Paschall's petition refers to Indiana Code section 11-8-8-22, which provides a process for offenders to file a petition to remove a designation or to register under less restrictive conditions. We will reverse a trial court's ruling under this statute only if it is clearly against the logic and effect of the facts and inferences supporting the petition for relief. *Lucas v. McDonald*, 954 N.E.2d 996, 998 (Ind. Ct. App. 2011). Paschall also requested declaratory and injunctive relief. Because the trial court denied his request, he is appealing from a negative judgment. *Mann v. Johnson Mem'l Hosp.*, 611 N.E.2d 676, 677 (Ind. Ct. App. 1993). We will reverse a negative judgment only if it is contrary to law,

meaning that "the evidence is without conflict and all reasonable inferences to be drawn therefrom lead to but one result and the trial court has reached a different result." *Id.*

[5] Initially, we note that Paschall has raised multiple arguments for the first time on appeal, including: (1) a sentencing argument under Indiana Appellate Rule 7(B); (2) a separation of powers argument; (3) an argument related to the statutory authority of the Parole Board; (4) an argument about the constitutionality of two statutes; (5) an argument about the breadth and specificity of certain parole conditions; and (6) an Eighth Amendment argument. He has waived all of these issues by failing to raise them below, and we will not address them. *E.g.*, *Mid-States Gen. & Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 436 n.2 (Ind. Ct. App. 2004).

[6] With respect to Paschall's argument that he should not have to register as a sex offender under INSOMM and participate with that program, we agree with the trial court that this issue is not ripe for review. He is still incarcerated and is not participating in INSOMM. Moreover, even if we were to attempt to address the substance of this argument, he fails to explain how participating in INSOMM violates any of his statutory or constitutional rights. Under these circumstances, the trial court did not err by ruling against him.

[7] Likewise, with respect to Paschall's argument that he should not have to comply with certain restrictive parole conditions, including being designated as a sexually violent predator, we can only find that this claim is not ripe for

review. As he is still incarcerated at this time, we do not know what parole conditions will be imposed upon him and any review would be purely hypothetical. In other words, there is no evidence that he has been subjected to any parole conditions that reflect a particular sex offender status, registry requirement, or restriction on his activities and residency. Therefore, the trial court did not err by ruling against him. *See Gardner v. State*, 923 N.E.2d 959, 960 (Ind. Ct. App. 2009) (finding that an ex post facto challenge to application of the violent offender registry was not ripe for review while the petitioner was still incarcerated).

[8] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.