# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Cohen Law Office
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 24 2013, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DANNY BOLING,                          )
                                       )
    Appellant-Defendant,               )
                                       )
        vs.                             )    No. 20A04-1205-CR-237
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George Biddlecome, Judge
Cause No. 20D03-1009-FA-31

**January 24, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a jury trial, Danny Boling was convicted of attempted child molesting, a Class A felony, and child molesting, a Class C felony. The trial court ordered an aggregate sentence of forty-five years and found him to be a credit restricted felon. Boling appeals, raising three issues for our review: 1) whether the State presented sufficient evidence to support his conviction of attempted child molesting; 2) whether the trial court properly determined him to be a credit restricted felon; and 3) whether his sentence is inappropriate in light of the nature of his offense and his character. Concluding the evidence is sufficient to support Boling's conviction for attempted child molesting and his sentence is not inappropriate, but that the trial court erred in determining him to be a credit restricted felon, we affirm in part and reverse and remand in part.

## Facts and Procedural History

Boling lived with his wife, Linda, and their two children, son D.B. and daughter K.B., in Elkhart County, Indiana. Boling worked the night shift at Meijer, arriving home in the morning and sleeping during the day. Typically, Linda would take the children to school in the morning, and after school, Marlin and Amanda Fast, neighbors of the Bolings, would pick the children up and keep them at their house until Linda picked them up in the evening at the end of her work day. On January 25, 2010, however, five-year-old K.B. became ill while at school. The school contacted the Boling home, and Boling called Marlin Fast and asked him to pick K.B. up and bring her home. When K.B. arrived home, Boling removed her clothing, except for her underwear, and put her in his bed. He also removed his clothing

but for his long underwear, and laid down in the bed with her. K.B. testified that Boling touched her "front private" with his hand, both over her underwear and beneath her underwear directly on her skin. State's Exhibit 2.[1] K.B. testified that Boling also pulled down his underwear, took her hand, and made her touch his "private," which felt "sticky." Id.

K.B. told her mother what had happened and a report was ultimately made to Children's Protective Services. K.B. was interviewed by an employee of the Child Advocacy Center, and gave a videotaped statement describing the above events. The State charged Boling with attempted child molesting, a Class A felony, and child molesting, a Class C felony. A jury found Boling guilty as charged. The trial court sentenced Boling to forty-five years for the Class A felony attempted child molesting conviction, to be served concurrently with a six-year sentence for the Class C child molesting conviction. The trial court also found that Boling was a credit restricted felon pursuant to Indiana Code section 35-31.5-2-72(1). Boling now appeals.

Discussion and Decision

I. Sufficiency of the Evidence

A. Standard of Review

When reviewing the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d

---

[1] State's Exhibit 2 is a DVD of K.B.'s interview with a forensic interviewer that was introduced in lieu of K.B.'s live testimony pursuant to an order of the court finding K.B. to be a protected person incapable of making the required affirmation. See Appellant's Appendix at 58-60; Ind. Code § 35-37-4-6(e)(2)(B)(iii).

3

855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonably hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

## B. Attempted Child Molesting

Boling contends that the State presented insufficient evidence to support his conviction of attempted child molesting.[2] The State charged Boling with the following:

> … on or about January, 2010, at the County of Elkhart, State of Indiana, one DANNY BOLING, a person at least twenty-one (21) years of age, did knowingly engage in conduct that constituted a substantial step toward the crime of child molesting in that the said DANNY BOLING attempted to cause one K.B., a child under fourteen (14) years of age, to submit to an act involving deviate sexual conduct; all of which is contrary to the form of I.C. §35-42-4-3(a)(1) & §35-41-5-1 . . . .

Appellant's Appendix at 148. The statute under which Boling was charged provides that a "person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting [which is] a Class A felony if . . . it is committed by a person at least twenty-one (21) years of age . . . ." Ind. Code § 35-42-4-3(a)(1). "Deviate sexual conduct" means "an act involving . . . the penetration of the sex organ . . . of a person by an object." Ind. Code § 35-31.5-2-94(2). A finger is an object within the meaning of this definition. Gasper v. State, 833 N.E.2d 1036, 1044 (Ind. Ct. App.

---

[2] Boling does not contest the sufficiency of the evidence supporting his conviction of child molesting

2005), trans. denied. An "attempt" is made when a person, "acting with the culpability required for commission of the crime, . . . engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1(a). The culpability requirement of the child molesting statute is knowingly or intentionally, see Louallen v. State, 778 N.E.2d 794, 798 (Ind. 2002), although the State charged Boling only with "knowing" conduct. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b). Thus, the State must have proved that Boling knowingly attempted to commit child molesting and engaged in an overt act constituting a substantial step toward the commission of the crime. Noble v. State, 725 N.E.2d 842, 845 (Ind. 2000).

Boling contends the State failed to present evidence from which the jury could conclude that he knowingly took a substantial step toward penetrating K.B.'s sex organ with his finger. Mens rea can be established by circumstantial evidence and inferred from the defendant's conduct and the natural and usual sequence to which such conduct reasonably points. C.L.Y. v. State, 816 N.E.2d 894, 905 (Ind. Ct. App. 2004), trans. denied. K.B. testified that Boling touched her "front private" first over her underwear and then under her underwear, directly on her skin. The natural and usual sequence to which such conduct reasonably points is that Boling had taken a substantial step toward inserting his finger or fingers into K.B.'s vagina. A reasonable jury could find based upon this testimony that Boling had attempted to commit deviate sexual conduct. See Watkins v. State, 571 N.E.2d

as a Class C felony.

5

1262, 1265 (Ind. Ct. App. 1991) (holding evidence was sufficient to support conviction of attempted child molesting based upon victim's testimony that defendant laid on top of the victim while the child was nude and face down and placed his penis around and against the child's anal area), aff'd in relevant part by 575 N.E.2d 624, 625 (Ind. 1991). We hold the evidence is sufficient to support Boling's conviction of attempted child molesting.

## II. Credit-Restricted Felon Determination

### A. Standard of Review

The interpretation of a statute is a legal question that we review de novo. Cline v. State, 971 N.E.2d 1240, 1242 (Ind. Ct. App. 2012).

> The goal of statutory construction is to determine and implement legislative intent. We read all sections of an act and strive to give effect to all provisions. We will not read into a statute that which is not the manifest intent of the legislature. For this reason, it is as important to recognize what a statute says, but also what a statute does not say.

Id. (quotations and citations omitted). "We assume the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." Bei Bei Shuai v. State, 966 N.E.2d 619, 628 (Ind. Ct. App. 2012), trans. denied. Penal statutes are strictly construed against the State and any ambiguities therein are resolved in favor of the accused, and they may not be enlarged by construction or implication beyond the fair meaning of the language. Id. However, penal statutes should not be read so narrowly as to exclude instances fairly covered. Id.

6

B. Credit Restricted Felon for Attempt

Indiana Code section 35-31.5-2-72[3] states:

"Credit restricted felon" means a person who has been convicted of at least one (1) of the following offenses:
(1)    Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if:
    (A)    the offense is committed by a person at least twenty-one (21) years of age; and
    (B) the victim is less than twelve (12) years of age.
(2)    Child molesting (IC 35-42-4-3) resulting in serious bodily injury or death.
(3)    Murder (IC 35-42-1-1) if:
    (A)    the person killed the victim while committing or attempting to commit child molesting (Ind. Code 35-42-4-3);
    (B) the victim was the victim of a sex crime under IC 35-42-4 for which the person was convicted; or
    (C) the victim of the murder was listed by the state or known by the person to be a witness against the person in a prosecution for a sex crime under IC 35-42-4 and the person committed the murder with the intent to prevent the victim from testifying.

A credit restricted felon is initially assigned to credit time Class IV, Ind. Code § 35-50-6-4, earning one day of credit time for every six days the person is imprisoned for a crime or confined awaiting trial or sentencing, Ind. Code § 35-50-6-3(d). A credit restricted felon may not be assigned to credit time Class I or Class II. Ind. Code § 35-50-6-4.

When sentencing Boling, the trial court found that he was a credit restricted felon with respect to the Class A felony conviction. Boling concedes that if he had been convicted of a completed act of child molesting pursuant to Indiana Code section 35-42-4-3(a), his offense would have fallen within the statutory definition of a credit restricted felon. However, he

---

[3] This section was formerly located at Indiana Code section 35-41-1-5.5. It was recodified effective July 1, 2012, with the language of the statute remaining the same.

contends the trial court erred in so determining because his conviction was for attempt and the statute does not include attempt within its definition.[4] The State responds that the "purpose of the credit restricted felon statute is fairly self-evident – to punish child molesters over twenty-one years of age who have sexual intercourse or commit deviate sexual acts with victims less than twelve years of age." Brief of Appellee at 9. The State believes that purpose is not served by excluding convictions for attempts to commit those same acts, and to do so would lead to an absurd result, citing Haggenjos v. State, 441 N.E.2d 430 (Ind. 1982).

In Haggenjos, our supreme court interpreted a statute which provided that a conviction for murder was not suspendable as also applying to attempted murder, even though attempted murder was not enumerated in the statute. Id. at 434. However, in State ex rel. Camden v. Gibson Circuit Court, 640 N.E.2d 696 (Ind. 1994), the court subsequently refused to construe a reference to the crime of robbery to include attempted robbery when interpreting a statute providing for exclusion of certain crimes from a juvenile court's jurisdiction. Id. at 701. In doing so, the court stated that "we infer that the legislature is aware of the difference between completed offenses and attempts, and also that it explicitly includes attempts when it intends to." Id. Haggenjos has not been explicitly overruled, but its application has been limited to the specific statute interpreted therein. See Strong v. State, 903 N.E.2d 164, 166 (Ind. Ct.

---

[4] Boling also contends the trial court erred in failing to advise him of the consequences of the finding as required by Indiana Code section 35-38-1-7.8. However, section 35-38-1-7.8 was added as a new section effective July 1, 2012. Boling was convicted in March 2012 and sentenced in April 2012, and the requirements of the statute did not apply at that time.

App. 2009) (noting the <u>Haggenjos</u> rationale has not been extended to other statutes but remains the court's interpretation of Indiana Code section 35-50-2-2), <u>trans. denied</u>.

Here, we note that section 35-31.5-2-72 includes the statutory citations for the crimes which qualify one for the status of credit restricted felon, but does not include the citation for the attempt statute. <u>See</u> <u>Camden</u>, 640 N.E.2d at 700 (noting that juvenile jurisdiction statute excludes crimes from the court's jurisdiction by code section number but "[s]ignificantly" makes no mention of the attempt statute). We also note that in section (3) of the statute, the legislature specifically states that murder qualifies one as a credit restricted felon if it was committed while the defendant was "committing or <u>attempting to commit</u> child molesting." Ind. Code § 35-31.5-2-72(3)(A) (emphasis added). Thus, within the same statute, the legislature has explicitly included attempted child molesting. If it had intended to do so with respect to section (1), the relevant section here, it also would have done so explicitly. We conclude that a person convicted of attempted child molesting is not a credit restricted felon pursuant to Indiana Code section 35-31.5-2-72(1), and the trial court therefore erred in finding Boling to be a credit restricted felon. We reverse that finding and remand to the trial court to correct Boling's records to remove the credit restricted felon designation.

### III. Inappropriate Sentence

#### A. Standard of Review

This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In assessing the nature

9

of the offense and character of the offender, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied. The burden is on the defendant to persuade us that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

## B.  Boling's Sentence

Boling's forty-five year sentence for his Class A felony conviction of attempted child molesting is above the advisory sentence of thirty years for a Class A felony, but below the statutory maximum of fifty years.  Ind. Code § 35-50-2-4.  Boling contends this sentence is inappropriate both in light of the nature of the offense and his character.

With respect to the nature of the offense, Boling highlights the contrast between his own version of events and K.B.'s testimony.  Boling admitted removing K.B.'s clothing but for her underwear and lying down with her in his bed.  However, he stated that he touched K.B. only over her underwear and at K.B.'s initiation.  He also stated that K.B. touched his penis on her own accord.  As the jury clearly did not credit Boling's version of events, neither do we.  However, Boling posits that even accepting K.B.'s testimony, the contact was minimal and the evidence suggests it was an isolated incident, not justifying a substantially enhanced sentence.  Without minimizing the severity of any inappropriate touching of a child, it does appear the contact was minimal and there is no evidence Boling had touched K.B. inappropriately on other occasions.  Nonetheless, K.B. was five years old and ill at the time of this incident, Boling is her father, and her testimony indicated that after the incident, Boling tried to place the blame on her or get her to blame her eight-year-old brother.

With respect to the character of the offender, Boling's criminal history consists of a misdemeanor conviction of public intoxication in 1994 and a felony conviction of failure to pay child support for a child from another relationship in 2007. Boling was on probation for this conviction when he committed this offense. The significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense. Rutherford v. State, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Boling's prior offenses are not similar in gravity or nature to the instant offense, although the failure to pay child support conviction does speak, as this crime does, to Boling's failure to appropriately care for his children. Although Boling's criminal history is not significantly aggravating, it is still a poor reflection on his character. More significant, however, is that Boling was K.B.'s father, in a position of trust which he violated not only by touching her inappropriately, but by trying to place the blame on her afterwards, and by threatening to spank her if she did not blame her brother. This failure to act as a father should is an extremely poor commentary on Boling's character.

In sum, it is Boling's burden to convince us that his sentence is inappropriate, and after considering the nature of his offense and in particular, his character, we cannot say the forty-five year sentence imposed by the trial court is inappropriate.

## Conclusion

The evidence is sufficient to support Boling's conviction of attempted child molesting as a Class A felony and his forty-five year sentence is not inappropriate. However, the trial court erred in determining him to be a credit restricted felon because Indiana Code section

11

35-31.5-2-72 does not include attempted child molesting as an offense for which one can be found a credit restricted felon. The conviction and sentence are affirmed, the credit restricted felon designation is reversed, and the case is remanded to the trial court to amend its records consistent with this opinion.

Affirmed in part; reversed and remanded in part.

MAY, J., and PYLE, J., concur.