**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 20 2013, 8:26 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-616 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1111-FA-79069

**May 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

George Johnson appeals the twenty-year sentence imposed following his convictions of Class B felony criminal confinement[1] and Class A misdemeanor battery.[2] He asserts his sentence is inappropriate in light of his character and offense. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Johnson had known a female friend, J.B., for over twenty years. During some of those years, the two had dated and had a sexual relationship. After their romantic relationship ended, the two remained friends who would contact one another from time to time.

On November 4, 2011, Johnson and his girlfriend, V.J., invited J.B. to Johnson's house to "hang out." (Tr. at 20.) J.B. accepted the invitation. While the parties were drinking alcohol and listening to music, Johnson suggested three of them engage in sexual activity. After J.B. declined, Johnson punched J.B. in the nose, causing her to lose consciousness. Johnson then grabbed J.B. by the hair, tossed her on the bed, and held her down against her will. J.B. claimed both V.J. and Johnson repeatedly hit her. J.B. suffered injuries, including a broken nose and several bruises.

V.J. and J.B. left Johnson's house and went to a gas station. While V.J. was at the ATM, J.B. asked the store clerk for help, and the store clerk called the police. On the 911 recording, J.B. reported V.J. and Johnson were holding her captive and had threatened to kill her kids if she alerted police. V.J. left the store. Police arrived and sent J.B. by ambulance to a hospital, where she was treated for bruising, headaches, and a broken nose that required

---

[1] Ind. Code § 35-42-3-3.
[2] Ind. Code § 35-42-2-1.

surgery.

For these and other acts alleged to have occurred that same evening, the State charged Johnson with five counts of Class A felony criminal deviate conduct,[3] one count of Class B felony robbery,[4] one count of Class D felony strangulation,[5] one count of Class B felony criminal confinement, and two counts of Class C felony battery. A jury found Johnson guilty of Class B felony criminal confinement and one count of Class C felony battery. The court entered Johnson's battery conviction as a lesser-included Class A misdemeanor battery to avoid double jeopardy concerns created when both crimes are elevated based on the same injury to the same victim. The court ordered maximum sentences -- one year for battery and twenty years for confinement -- and ordered them served concurrently.

## DISCUSSION AND DECISION

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the court, but any other facts appearing in the record. *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013). The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494

---

[3] Ind. Code § 35-42-4-2.
[4] Ind. Code § 35-42-5-1.
[5] Ind. Code § 35-42-2-9.

(Ind. 2007), *clarified on reh'g on other grounds* 875 N.E.2d 218 (Ind. 2007). The sentencing range for a Class B felony is six to twenty years, and the advisory sentence is ten years. Ind. Code § 35-50-2-5. One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

Johnson asserts his sentence is inappropriate because "the court's comments at sentencing suggest that Johnson's maximum sentence was based in part on conduct of which he was acquitted." (Br. of Appellant at 8.) We disagree with Johnson's assessment of the court's statements. The court explicitly noted Johnson was "only to be sentenced on the confinement and the battery." (Tr. at 359.) The court explained it was "unfortunate," (*id.*), "puzzling," (*id.* at 360), and "really troubling," (*id.*), that Johnson participated in violence against "someone that, by all accounts, should've been a good friend." (*Id.*) We agree that Johnson's commission of these crimes against a woman who had been his friend for twenty years justifies a sentence longer than the advisory sentence.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Before the instant proceedings, Johnson eight convictions: Class A misdemeanor patronizing a prostitute in 1992, Class D felony

4

possession of a controlled substance in 1998, Class A misdemeanor driving with a suspended license in 2000, Class A misdemeanor criminal conversion in 2001 and in 2002, Class A misdemeanor failure to stop at a traffic accident causing injury in 2002, Class B felony burglary in 2006, and Class A misdemeanor carrying a handgun without a license. Johnson's criminal history demonstrates his propensity for violent behavior is escalating. Because progressively more violent conduct is a valid aggravating circumstance, *Rawson v. State*, 865 N.E.2d 1049, 1056 (Ind. Ct. App. 2007), *trans. denied*, we see no reason why it ought not also demonstrate the appropriateness of a sentence longer than the advisory.

Johnson also had been arrested on seven other occasions, and twice his probation was revoked. While an arrest record is not "criminal history," a record of arrest "may be relevant to the trial court's assessment of the defendant's character," and "may reveal that a defendant has not been deterred" from criminal behavior. *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). His failure to successfully complete probation, especially when failure was based on positive screens for illegal drug use, also suggests a sentence longer than the advisory is not inappropriate for Johnson's character.

In light of Johnson's character and offense, we cannot say his twenty-year sentence is inappropriate. Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.