**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS MARGOLIS**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSICA WILKINSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1210-CR-504 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-1203-FA-18

**August 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jessica Wilkinson appeals her convictions of Class A felony dealing in a schedule III controlled substance within one thousand feet of a public park,[1] Class B felony dealing in a schedule III controlled substance,[2] and Class D felony maintaining a common nuisance.[3] She presents three issues which we consolidate and restate as whether the evidence was sufficient to support her convictions. We affirm.

## FACTS AND PROCEDURAL HISTORY

T.F. and Wilkinson met as teenagers and stayed in contact over the years. At some point, T.F. became a confidential informant for the Henry County Drug Task Force ("DTF"). On August 1, 2011, T.F. saw Wilkinson, then age 26, at a gas station. Wilkinson informed T.F. that she had the controlled substance, Buprenorphine, and was willing to sell it. T.F. notified DTF and arranged a controlled buy from Wilkinson. On two separate occasions, Wilkinson sold one pill of Buprenorphine to T.F. The controlled buys included searches of T.F. before and after the transactions, were video and audio recorded, and were observed by officers from a distance.

The State charged Wilkinson with Class A felony dealing a controlled substance within one thousand feet of a public park, Class B felony dealing a controlled substance, and Class D felony maintaining a common nuisance. After a jury found Wilkinson guilty as charged, the trial court entered convictions and pronounced a twenty-two year sentence.

---

[1] Ind. Code § 35-48-4-2(b)(2)(B)(ii).
[2] Ind. Code § 35-48-4-2(a)(1)(C).
[3] Ind. Code § 35-48-4-13(b).

**DISCUSSION AND DECISION**

Wilkinson challenges the evidence used to convict her as incredibly dubious. Our Indiana Supreme Court has explained:

> In addressing a claim of insufficient evidence, an appellate court must consider only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determine therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Whedon v. State*, 765 N.E.2d 1276, 1277 (Ind. 2002). Appellate courts may, however, apply the "incredible dubiosity" rule to impinge upon a fact finder's function to assess the credibility of a witness. Application of this rule is very narrow and permitted only "where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt." *Whedon*, 765 N.E.2d at 1278.

*Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011). Wilkinson's challenge does not meet that standard.

In *Turner*, 953 N.E.2d at 1060, our Indiana Supreme Court held that rule inapplicable where the witness's testimony was not inherently contradictory, multiple witnesses testified, and circumstantial evidence was introduced. T.F.'s testimony that Wilkinson sold her a controlled substance on two occasions was not inherently contradictory, and it remained consistent throughout. In addition, it was supported by both a second witness and physical evidence, including two video recordings of the transactions and two Buprenorphine pills. Accordingly, the incredible dubiosity rule does not permit us to impinge on the jury's right to judge the credibility of the witnesses. *See id.* (allowing application of the incredible dubiosity rule only when sole witness provides inherently improbable testimony and there is no other evidence to support the defendant's conviction).

3

Wilkinson also contends the evidence was insufficient to support her conviction. A person commits Class A felony dealing in a controlled substance when she knowingly or intentionally delivers a controlled substance, pure or adulterated, as classified in schedule III within one thousand feet of a park. Ind. Code § 35-48-4-2(b)(2)(B)(ii). Wilkinson asserts that no reasonable fact-finder could find that she delivered a controlled substance to T.F. because the searches of T.F. before the controlled buy were insufficient to disprove T.F. secreted buy money and drugs on her person, Detective Darling's testimony merely recited T.F.'s statements to him, and the video recordings did not show the delivery of Buprenorphine.

Wilkinson's challenge to the sufficiency of the evidence amounts to an invitation to reweigh the evidence, which we cannot do. *See Boling v. State*, 982 N.E.2d 1055, 1056-57 (Ind. Ct. App. 2013) (appellate court cannot reweigh evidence or judge credibility of witnesses). Detective Darling testified he provided T.F. with buy money and the buy money was not found when T.F. was searched at the conclusion of each controlled buy. T.F. testified Wilkinson sold her one white pill on two occasions and she used the buy money to make the purchases. Subsequent laboratory testing confirmed the two white pills were Buprenorphine, which is classified as a Schedule III controlled substance. *See* Ind. Code § 35-48-2-8(e)(9) (listing substance in Schedule III). DTF officers observed portions of the transactions from a distance as they occurred, and the transactions were recorded. There was

4

ample evidence to support the jury's verdict.[4]  *See*, *e.g.*, *Haynes v. State*, 431 N.E.2d 83, 86 (Ind. 1982) (holding that officer's search of confidential informant before controlled buy, observation of informant entering and leaving controlled buy area, and informants return with drugs were sufficient to sustain conviction).

## CONCLUSION

T.F.'s testimony was not incredibly dubious because it was not inherently inconsistent, multiple witnesses testified, and the testimony was supported with physical evidence.  The State presented sufficient evidence to support Wilkinson's conviction, and as such, the trial court's denial of Wilkinson's Motion to Dismiss was not improper.  Accordingly, we affirm the trial court.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

[4] Wilkinson also claims the trial court erred when it did not grant her motion for judgment on the evidence.  As we explained in *Kelly v. Levandoski*, 825 N.E.2d 850, 861-62 (Ind. Ct. App. 2005), "a motion for judgment on the evidence challenges the legal sufficiency of the evidence." *Id*. (citation omitted).  The trial court is to view "the evidence in the light most favorable to the non-moving party." *Id*. (citation omitted).  It is to "determine whether substantial evidence, or a reasonable inference therefrom, supports each essential element of a claim." *Id*. (citation omitted).  "If reasonable persons could come to different conclusions from the evidence, the trial court should not grant a motion for judgment on the evidence." *Id*. (citation omitted).  On appeal, we apply this same standard. *Id*.  We will only hold that the trial court erred if the uncontroverted evidence leads only to an inference favoring defendant. *Id*.  As we have already determined the State's evidence was sufficient to support Wilkinson's conviction beyond a reasonable doubt, we also hold the trial court did not err in denying Wilkinson's motion at the close of the State's case.