**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 30 2014, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARCEL EDWARDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1311-CR-578 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Peggy Hart, Commissioner
Cause No. 49G20-1306-FB-038812

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Darcel Edwards sold cocaine to an undercover police officer. Edwards pled guilty to Class B felony dealing in cocaine and was sentenced to eight years, with one year suspended. The executed portion of Edwards' sentence was evenly split between the Department of Correction and the Marion County work-release program. Edwards appeals, arguing that his work-release placement is inappropriate in light of the nature of his offense and his character and should therefore be modified to home detention. We find that Edwards' placement in the work-release program is not inappropriate. We therefore affirm the trial court.

**Facts and Procedural History**

The factual basis in this case in limited. On November 29, 2012, Edwards knowingly delivered .44 grams of cocaine to an undercover Indianapolis Metropolitan Police Department police officer. The State charged Edwards with Count I: Class B felony dealing in cocaine and Count II: Class D felony possession of cocaine. Edwards pled guilty to both counts pursuant to an open plea. The trial court entered judgment of conviction on Count I only; Count II merged with Count I.

At the sentencing hearing, the trial court found Edwards to be sincere but nonetheless had "some concerns." Tr. p. 33. The court referred to Edwards' own admission to mental-health issues. The trial court found Edwards' guilty plea and the responsibility he took for his actions as mitigators and found his history of delinquent and criminal behavior to be aggravators. Finding that the mitigators outweighed the

2

aggravators, the court gave Edwards less than the advisory sentence.[1] That is, the court sentenced Edwards to eight years, with one year suspended. The court split the executed portion of the sentence as follows: three-and-a-half years in the DOC and three-and-a-half years in the Marion County work-release program. The court ordered his work release to start with mental-health treatment.

Edwards now appeals his sentence.

## Discussion and Decision

Edwards argues that the work-release portion of his sentence is inappropriate in light of the nature of the offense and his character and that it should be modified to home detention. "The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decisions." *Brown v. State*, --- N.E.3d --- (Ind. 2014). "We implement this authority through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision we find the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Id.* (quotations omitted). "We have long said that sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (citing *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind. 1996)). In determining whether a sentence is appropriate the court looks at the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. Edwards bears the burden on appeal of persuading us that his sentence is

---

[1] The statutory sentencing range for a Class B felony is between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5.

inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Biddinger v. State*, 868 N.E.3d 407, 414 (Ind. 2007)). Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. *Id*. at 267-68 (citing *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007)). This is because the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Id*. at 268. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. *Id*.

The nature of this offense is unremarkable. According to the limited factual basis, Edwards knowingly delivered .44 grams of cocaine to an undercover IMPD police officer and pled guilty to the crime without the benefit of a plea agreement. We acknowledge that that offense involved no weapons or violence and did not cause or threaten serious harm to people or property.

As to Edwards' character, this Court has stated that "[t]he significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013) (citing *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007)). Even a minor criminal history is a poor reflection of a defendant's character. *Id*. Edwards has eight adult arrests, one misdemeanor conviction, and one felony conviction. Pre-Sentence Investigation Report p. 6. In 2008 Edwards was arrested for Class C felony

forgery and Class D Felony theft in Cook County, Illinois, and pled guilty to theft. *Id*. at 5. He was sentenced to eighteen months probation, which he completed without violation. Tr. p. 21; PSI p. 5. In 2008 Edwards was also arrested for reckless discharge of a firearm (felony) in Cook County, Illinois, which was amended to reckless conduct (misdemeanor); he was sentenced to two years conditional discharge. *Id*. These are his only two convictions. The instant offense was non-suspendable as a result of Edwards' 2008 theft conviction. *Id*. at 3. In Marion County, Indiana, Edwards was arrested for domestic battery five months before this offense. *Id*. at 5-6. Although Edwards' criminal history consist only of two convictions, it supports his placement in work release.

Edwards argues that "[t]hat fact that he was discharged from his prior offenses with no violations indicates he is the type of individual who will conform himself to supervisory rules and shows his willingness to be reformed" and that his "character and attitude indicate that he is unlikely to commit another crime." Appellant's Br. p. 7. But Edwards' risk-assessment score puts him in the high-risk category to reoffend. PSI p. 9. And the trial court was concerned with his mental health and ordered that he undergo mental-health treatment upon release from the DOC. Further, other than describing his personal life and job situation before the instant offense, Edwards gives no compelling explanation as to why his work-release placement is inappropriate. "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *King*, 894 N.E.2d at 267. The trial court acknowledged Edwards' sincerity in taking responsibility for his actions, found that the mitigators outweighed the aggravators, sentenced him to less than the advisory sentence, and did not order his entire sentence to be served in the DOC.

Edwards has merely argued that home detention is more appropriate than work release. Edwards has failed to persuade us that the placement itself—his three-and-half-year sentence in the work-release program—is inappropriate in light of the nature of his offense and his character.

Affirmed.

NAJAM, J., and BROWN, J., concur.