## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 8:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Birol Simsek,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 23, 2015

Court of Appeals Case No.
02A04-1505-CR-455

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D06-1412-F5-143

**Crone, Judge.**

# Case Summary

[1] Birol Simsek appeals his four-year sentence for level 5 felony battery resulting in bodily injury, arguing that it is inappropriate based on the nature of the offense and his character. We conclude that he has failed to carry his burden to persuade us that his sentence is inappropriate, and therefore we affirm.

# Facts and Procedural History

[2] In the summer of 2014, Simsek became the primary custodian of his two daughters after their mother died. A.S. was six years old. In October 2014, A.S. told a school official that Simsek was spanking her hard and she was afraid of him. The school official saw that A.S. had severe bruising to her buttocks and contacted the Department of Child Services ("DCS").

[3] That same day a DCS caseworker made an unannounced visit to Simsek's residence, photographed A.S.'s bruises, and removed A.S. and her sister from the home. Simsek admitted that he spanked A.S. with an open hand and was aware of A.S.'s bruised buttocks and felt bad about it.

[4] During a forensic interview, A.S. described an incident that occurred at the YMCA after her swimming class when she was in the shower without her bathing suit or clothes on. She said that Simsek spanked her buttocks with his hand, and she slipped and fell to the floor. She also disclosed that Simsek had slapped her face while she was doing homework.

[5]     In December 2014, the State charged Simsek with level 5 felony battery resulting in bodily injury. Simsek pled guilty as charged without a plea agreement. At the sentencing hearing, A.S.'s therapist testified. She said that she believed that Simsek's treatment of A.S. showed "a pattern of behavior" and that A.S. was afraid of Simsek. Tr. at 52. Also, a counselor who had supervised a visit between Simsek and A.S. testified that during the visit, Simsek told A.S. that he was upset because she had lied again and he had to go to jail because she told people that he beat her and threw her down. *Id*. at 57. The presentence investigation report showed that Simsek previously had been convicted of battery resulting in bodily injury against A.S. For that offense, he was sentenced in August 2011 to one year and 183 days, all suspended to probation. He was discharged from probation in April 2013.

[6]     After hearing all the evidence, the trial court stated that Simsek had committed a prior battery on the same victim and participated in services, but had "made [the professionals] happy, and reverted to precisely the same conduct." *Id*. at 87. The trial court sentenced him to four years with two years suspended to probation and also issued a no-contact order. This appeal ensued.

## Discussion and Decision

[7]     Simsek asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing a sentence, our principal role is to leaven the

outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Simsek has the burden to show that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[8] Turning first to the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The sentencing range for a level 5 felony is between one and six years, with an advisory sentence of three years. The trial court gave Simsek one year above the advisory but moderated the sentence by suspending two years. *See Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010) ("Upon the review of sentence appropriateness under Appellate Rule 7, appellate courts may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant."). Here, Simsek caused both physical and psychological harm to A.S. As A.S.'s father, he violated a position of trust. A.S. can no longer turn to him for love and support because she is afraid of him as a result of repeated abuse. *See Kincaid v. State*, 839 N.E.2d 1201, 1205 (Ind. Ct. App. 2005) (observing that a parent's position of trust is relevant to sentencing).

[9] As for Simsek's character, he stresses that he has shown remorse. Yet, this is his second conviction for battering A.S. As the trial court noted, although he

had counseling and parenting services, he did not correct his behavior. He also accused A.S. of lying and blamed her for his incarceration. *See Boling v. State*, 982 N.E.2d 1055, 1060-61 (Ind. Ct. App. 2013) (stating that blaming the victim, his daughter, reflected poorly on Boling's character). We conclude that Simsek has failed to persuade us that his sentence is inappropriate. Therefore, we affirm.

[10] Affirmed.

Vaidik, C.J., and Bailey, J., concur.