## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 22 2017, 6:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Henry A. Flores
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Fulbright,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 22, 2017<br><br>Court of Appeals Case No.<br>32A01-1706-CR-1340<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Karen M. Love,<br>Judge<br><br>Trial Court Cause No.<br>32D03-1607-F4-28 |

**Crone, Judge.**

## Case Summary

Timothy Fulbright appeals his six-year sentence imposed following his guilty plea to level 4 felony burglary. He argues that his placement in the Department of Correction ("DOC") for the executed portion of his sentence is inappropriate in light of the nature of the offense and his character. Finding that Fulbright has not met his burden to show that his sentence is inappropriate, we affirm.

## Facts and Procedural History

In July 2016, a fire broke out in Tami Morris's apartment when she was away and caused substantial damage. When Morris returned to her apartment, she discovered that some of her personal property was missing. Fulbright admitted to police that he was in Morris's apartment at the time of the fire, but he said that he went in to try to put out the fire. Police obtained a search warrant for Fulbright's apartment and found Morris's property in his apartment and on his person. The State charged Fulbright with level 4 felony burglary, level 4 felony arson, and level 6 felony theft.

On May 2, 2017, a change of plea hearing was held. Pursuant to a plea agreement, Fulbright pled guilty to level 4 felony burglary and agreed to a six-year sentence with three years executed and three years suspended. Fulbright's placement during the executed portion of the sentence was left to the trial court's discretion. Fulbright also agreed to pay Morris restitution of $7210.14. The State agreed to dismiss the other charges.

[4]     Also on May 2, the trial court ordered that Fulbright be transferred from the Hendricks County Jail to the Work Release Center for the remainder of his pretrial detention. While on work release, Fulbright obtained employment at Integrity Rotational Molding and began training to be a machine operator. On May 20, Fulbright received a pass to go to his father's house. A friend drove him there, but on the way back, the friend allegedly had a panic attack and began swerving off the road. After the friend pulled over, Fulbright decided to drive back to work release. On the way, a police officer stopped him for speeding, gave him a speeding ticket, and charged him with driving with a suspended license. On May 22, the work release director filed a petition and notice of work release violation requesting that Fulbright be remanded to Hendricks County Jail.

[5]     On May 23, the trial court held Fulbright's sentencing hearing. Pursuant to the plea agreement, the trial court imposed a six-year sentence, with three years executed and three years suspended. As for Fulbright's placement during the executed portion of the sentence, the trial court observed that the burglary was "very substantial"; that within three weeks of being placed on work release he was charged with driving while suspended; and that his criminal history was "not insignificant" for his age and included juvenile admissions to battery, disorderly conduct, criminal mischief, and child molesting, as well as adult convictions for receiving stolen property and driving while suspended. Tr. at 56, 58. The trial court also noted that Fulbright had pending charges for two

counts of battery.  The trial court ordered that Fulbright serve the executed portion of his sentence in the DOC.  This appeal ensued.

## Discussion and Decision

[6]    Fulbright challenges his placement in the DOC.  Indiana Appellate Rule 7(B) states that his Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Fulbright asserts that placement in the DOC is inappropriate and asks that we revise his placement to work release.  We have explained that

> [t]he location where a sentence is to be served is an appropriate focus for application of our review and revise authority....  Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate.  This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate.  A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

*Webb v. State*, 941 N.E.2d 1082, 1090 (Ind. Ct. App. 2011) (quoting *King v. State*, 894 N.E.2d 265, 267-68 (Ind. Ct. App. 2008)), *trans. denied*.

"[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).  "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such

as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). As we assess the nature of the offense and character of the offender, "we may look to any factors appearing in the record." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013).

[7] Fulbright contends that he is an "excellent candidate" for work release and "does not present a danger to society." Appellant's Br. at 8. We are unpersuaded. As for the nature of the offense, Fulbright argues that his offense was nonviolent because he committed it when no one was home. However, Fulbright either set fire to Morris's apartment or used the fire as an opportunity to commit a burglary. Although he told the police that he went into her apartment to put out the fire, police discovered Morris's stolen items in his apartment and on his person. As a result of Fulbright's crime, Morris suffered substantial losses of more than $7000. Fulbright contends that it was an isolated incident motivated by his unemployment and need for money, but his criminal history as discussed below shows otherwise.

[8] As for Fulbright's character, he contends that his adult criminal history is minor. However, Fulbright was only twenty-three years old at the time he committed the instant offense and already had convictions for receiving stolen property, for which he received alternative misdemeanor sentencing, and driving while suspended. At the time of sentencing, he had pending charges for class A misdemeanor battery resulting in bodily injury and class B

misdemeanor battery. His juvenile criminal history includes two admissions to battery, two admissions to disorderly conduct, one admission to criminal mischief, and one admission to child molesting. Further, within three weeks of being placed on work release, he allegedly broke the law again and was charged with driving while suspended. Fulbright testified that the reason he was driving was because his friend had a panic attack. However, it is the trial court's prerogative to weigh the credibility of witnesses, and the trial court did not find his explanation credible. Fulbright's criminal history shows a consistent pattern of breaking the law while the seriousness of his offenses is accelerating.

[9] Fulbright places great emphasis on his need to earn an income to support his two children and make restitution and provides some examples to illustrate his strong work ethic. Although we commend his efforts and acknowledge that work release would enable him to earn an income, his criminal history demonstrates that previous attempts at leniency have failed. We conclude that Fulbright has failed to carry his burden to show that his sentence is inappropriate in light of the nature of the offense and his character.

[10] Affirmed.

Vaidik, C.J., and Mathias, J., concur.