## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2018, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.,
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Troy A. Buchanan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 21, 2018

Court of Appeals Case No.
70A01-1709-CR-2208

Appeal from the Rush Superior Court

The Honorable Brian D. Hill, Judge

Trial Court Cause No.
70D01-1605-F5-383

**Crone, Judge.**

# Case Summary

[1] Troy A. Buchanan appeals his five-year sentence imposed by the trial court following his guilty plea to level 5 felony dealing in methamphetamine. He argues that his sentence is inappropriate in light of the nature of the offense and his character. Finding that Buchanan has not met his burden of demonstrating that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[2] In September 2015, Buchanan delivered methamphetamine to an acquaintance of his, who then sold it to an undercover police officer. The State charged Buchanan with level 5 felony dealing in methamphetamine and level 6 felony possession of methamphetamine. In July 2017, pursuant to a written plea agreement, Buchanan pled guilty to the dealing charge, and the State agreed to drop the possession charge.

[3] The plea agreement left sentencing to the trial court's discretion. During sentencing, the trial court found as a primary aggravating factor Buchanan's extensive criminal history, which included fourteen misdemeanor and four felony convictions, and four violations of probation and community corrections. The trial court identified as a mitigating factor Buchanan's willingness to plead guilty, but noted that it had taken him over a year to do so. The trial court sentenced Buchanan to five years. This appeal ensued.

## Discussion and Decision

[4] Buchanan invites this Court to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). As we assess the nature of the offense and character of the offender, "we may look to any factors appearing in the record." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).

[5] The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[6] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The advisory sentence for a level 5 felony is three years, with a fixed term between one and six years. Ind. Code § 35-50-2-6. Buchanan maintains that his offense did not warrant a five-year sentence because he delivered a relatively small amount of methamphetamine to someone he knew and that there is nothing "remarkable" about his offense. Appellant's Br. at 7. Although his offense is not particularly egregious, this is not Buchanan's first offense involving drugs. In 2004 he was convicted of possession of a narcotic drug, and in 2015 he was convicted of possession of paraphernalia.

As for his character, Buchanan emphasizes that he admitted to the delivery of methamphetamine and accepted responsibility for his actions. When considering the character of the offender, one relevant consideration is the defendant's criminal history. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Buchanan has an extensive criminal history which includes fourteen misdemeanor and four felony convictions. He blames his criminal history on drugs and alcohol, "which he has struggled with since he was a young teenager." Appellant's Br. at 8. However, Buchanan's many contacts with the law have not caused him to reform himself. He has also been granted the

leniency of probation and community corrections, but has violated both multiple times which reflect poorly on his character.

[7] We find that Buchanan has not met his burden of demonstrating that the five-year sentence imposed by the trial court is inappropriate in light of the nature of the offense or his character. Accordingly, we affirm.

[8] Affirmed.

Robb, J., and Bradford, J., concur.