## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2019, 11:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas M. Kirby,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 30, 2019

Court of Appeals Case No.
18A-CR-3058

Appeal from the Parke Circuit Court

The Honorable Sam A. Swaim, Judge

Trial Court Cause No.
61C01-1808-F5-236

**Crone, Judge.**

# Case Summary

[1] Thomas M. Kirby appeals the sentence imposed following his guilty plea to level 5 felony intimidation, level 6 felony criminal recklessness, and class A misdemeanor battery.[1] He argues that his placement in the Department of Correction ("DOC") rather than on home detention is inappropriate based on the nature of the offenses and his character. Concluding that Kirby has failed to carry his burden to show that his placement is inappropriate, we affirm.

# Facts and Procedural History

[2] On July 19, 2018, Kirby and Vickie Whitesell argued about loud music that was playing in the car Kirby was sitting in. Kirby got out of the car and threatened Whitesell. He pushed Whitesell against the vehicle and struck her in the jaw. Another person present made a comment, and Kirby pulled out a knife and began threatening to kill everyone involved.

[3] The State charged Kirby with level 5 felony intimidation, level 6 felony criminal recklessness, and class A misdemeanor battery. Kirby pled guilty to all charges. The probation officer recommended a total executed sentence of three years to be served in the DOC but suggested that the trial court consider allowing Kirby to serve the executed portion of his sentence on home detention. Appellant's App. Vol. 2 at 126. Consistent with the probation officer's recommendation,

---

[1] The appealed order also addresses a probation violation in cause number 61C01-1511-F3-244. However, Kirby specifically states that he is not appealing the sentence he received for the probation violation. Appellant's Br. at 7 n.1.

the trial court sentenced Kirby to concurrent executed terms of 1095 days for his intimidation conviction and 365 days each for the criminal recklessness and battery convictions, for an aggregate term of three years.[2] As for Kirby's placement, the trial court considered home detention but decided against it:

> Given the severity of the offense, the defendant's prior history, the fact that the Town of Rosedale is a small town, I don't think that home detention would be appropriate given that the defendant has not done well on probation either and I don't think that he would do well on home detention. So all this time is to be served executed in the Department of Correction.

Tr. Vol. 2 at 24. This appeal ensued.

## Discussion and Decision

[4] Kirby asks us to revise his sentence pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure

---

[2] Kirby states that the trial court ordered an aggregate term of four years, but that includes 365 days that the trial court reinstated for Kirby's probation violation in cause number 61C01-1511-F3-244, and Kirby is not appealing that sentence.

the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). As we assess the nature of the offenses and character of the offender, "we may look to any factors appearing in the record." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013). "The location where a sentence is to be served is an appropriate focus for application of our review and revise authority." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). "Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate." *Id*. Kirby has the burden to show that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218.

[5] Specifically, Kirby argues that his placement in the DOC is inappropriate and that he should serve his sentence on home detention. As for the nature of his offenses, his sole contention is that the serious nature of the offenses was accounted for in the elevation of the sentences for intimidation and criminal recklessness to felonies. We fail to see how this contention bears on the appropriateness of his placement in the DOC. Rather, the nature of the

offenses shows that Kirby brandished a knife during the encounter, creating a risk of substantial bodily injury that does not suggest that placement in the DOC is inappropriate.

[6] As for his character, Kirby asserts that he accepted responsibility by pleading guilty and has endured hardships that exemplify his character. The presentence investigation report shows that he served in the United States Navy in the 1970s and was honorably discharged; is disabled and receives V.A. benefits; is under the care of the V.A. hospital in Danville, Illinois, for post-traumatic stress disorder and liver, kidney, and prostate problems; is blind in his left eye and deaf in his right ear; overcame an opioid addiction and has been clean for three years; and attempted suicide in 1995 when he shot himself in the head. Kirby has experienced hardships, and we are sympathetic to his situation, but these hardships alone do not evince virtuous traits and good character. The record shows that Kirby was convicted of level 5 felony aggravated battery by means of a deadly weapon in January 2017 and was on probation for that conviction when he committed the current offenses. These offenses constitute the second violation of his probation. His criminal history reflects poorly on his character. We conclude that Kirby has failed to carry his burden to show that his placement in the DOC is inappropriate in light of the nature of the offenses and his character. Therefore, we affirm his sentence.

[7] Affirmed.

Bradford, J., and Tavitas, J., concur.