## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2018, 10:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas J. Schlueter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 31, 2018

Court of Appeals Case No.
18A-CR-1259

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1609-F2-5231

**Crone, Judge.**

# Case Summary

Nicholas Schlueter appeals the thirteen-year sentence imposed following his guilty plea to level 3 felony dealing in methamphetamine. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History

On January 6, 2016, Schlueter sold ten grams or more of methamphetamine to a confidential informant. On January 11, 2016, he again sold ten grams or more of methamphetamine to the same informant. The State charged Schlueter with two counts of level 2 felony dealing in methamphetamine. The State and Schlueter subsequently entered into a plea agreement whereby Schlueter agreed to plead guilty to one count of the lesser included offense of level 3 felony dealing in methamphetamine in exchange for dismissal of the second count. Following a sentencing hearing, the trial court sentenced Schlueter to thirteen years executed in the Department of Correction. This appeal ensued.

# Discussion and Decision

Schlueter invites this Court to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized

by statute if, after due consideration of the trial court's decision, we find that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). As we assess the nature of the offense and character of the offender, "we may look to any factors appearing in the record." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).

[4] The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. In conducting our review, we do not look to see "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[5] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The advisory

sentence for a level 3 felony is between three and sixteen years with the advisory being nine years. Ind. Code § 35-50-2-5. The trial court here imposed a thirteen-year sentence which, although above the advisory, is still several years below the maximum allowable sentence.

[6] Schlueter asserts that he is not deserving of "an aggravated sentence" because no one "was physically injured in the commission" of his offense and there was no indication that his "offense involved firearms, threats, or other egregious behavior." Appellant's Br. at 12. However, the record indicates that he sold more than ten grams of methamphetamine to a confidential informant. The sale of this much methamphetamine would generally be a level 2 felony, which carries a maximum sentence of thirty years. *See* Ind. Code § 35-50-2-4.5. Schlueter received less than half that time, and we are unpersuaded by his attempts to downplay the seriousness of his crime with his self-serving claim that he was only the "middle man" for a larger distributor. *Id*. at 12. Nothing about the nature of this offense warrants a sentence reduction.

[7] Schlueter does not fare any better when his character is considered. We note that the character of the offender is found in what we learn of the offender's life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Included in that assessment is a review of an offender's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied* (2016). Schlueter has an extensive criminal history including both misdemeanor and felony

convictions. He has been granted probation on multiple occasions, only to violate that probation and have it revoked. Despite his current claims that he is in need of drug rehabilitative treatment rather than incarceration, the trial court specifically noted that he has had prior opportunities for treatment outside a penal facility to no avail. Accordingly, the trial court determined that any rehabilitative treatment should occur in the Department of Correction. We are inclined to agree. In sum, Schlueter has not met his burden to demonstrate that the sentence imposed by the trial court is inappropriate in light of the nature of his offense or his character. Accordingly, we affirm.

[8] Affirmed.

Najam, J., and Pyle, J., concur.