## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 06 2020, 9:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Allen Miller, III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 6, 2020

Court of Appeals Case No.
19A-CR-2172

Appeal from the Steuben Circuit Court

The Honorable Allen N. Wheat, Judge

Trial Court Cause No.
76C01-1709-F6-706

**Tavitas, Judge.**

# Case Summary

[1] Larry Allen Miller, III, appeals his five-year aggregate sentence, imposed pursuant to an open plea, for battery against a public safety official, resisting law enforcement, and theft with a prior conviction, as Level 6 felonies; and theft, a Class A misdemeanor. We affirm.

# Issue

[2] The sole issue on appeal is whether Miller's sentence is inappropriate in light of the nature of his offenses and his character.

# Facts

[3] On September 27, 2017, the Angola Police Department was dispatched to the Auto Zone store in Angola regarding an alleged theft. The suspect stole a "flashlight, decal and lighter" and fled to the south. Tr. Vol. II p. 59. Auto Zone personnel described the suspect to the police. The suspect proceeded to the Advanced Auto store located nearby. Officer Mike Wood observed a man who matched the description of the suspect—Miller—entering the Advanced Auto store and holding a bag.

[4] Officer Wood entered the Advanced Auto store and observed Miller kneeling in front of a shelf and placing items into the bag. Officer Wood approached and stated that Miller was under arrest for theft from Auto Zone and for the theft offense that Officer Wood had just witnessed. Miller argued with Officer Wood and threw a canned energy drink at Officer Wood; the open can struck Officer Wood's chest. Miller charged at Officer Wood and attempted to run over

Officer Wood to evade arrest. As Officer Wood grappled with Miller and attempted to subdue him, Miller wheeled around and elbowed Officer Wood in the eye. Officer Wood secured Miller in a police hold, but Miller continued to thrash about and throw punches. Another officer arrived and warned that Miller would be tased if he continued to resist. Miller refused to comply, and the officer tased him. Officer Wood suffered a laceration and an injured shoulder in the scuffle.

[5] On September 28, 2017, the State charged Miller with various offenses stemming from the events above. On July 1, 2019, Miller pleaded guilty, pursuant to an open plea, to Count I, battery against a public safety official and Count II, resisting law enforcement, as Level 6 felonies; Count III, theft, a Class A misdemeanor; and Count V, theft, with a prior conviction, a Level 6 felony. The State agreed to dismiss Count IV, theft, a Class A misdemeanor, in exchange for Miller's guilty plea.

[6] On August 19, 2019, the trial court conducted Miller's sentencing hearing. In imposing its sentence, the trial court found Miller's juvenile and adult criminal history and the prior revocation of Miller's probation placement as aggravating circumstances. The trial court found Miller's entry of a guilty plea and his "diagnose[s] [for] certain mental health issues" to be mitigating circumstances. *Id*. at 64. The trial court sentenced Miller to: Count I, two years; Count II, two years; Count III, six months; and Count V, one year. Counts I, II, and V were ordered to be served consecutively to one another, and Count III was ordered to

be served concurrently with Counts I and II, for an aggregate sentence of five years in the Department of Correction. Miller now appeals.

## Analysis

[7] Miller argues that his five-year aggregate sentence is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)).

[8] In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be more appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders*, 71 N.E.3d at 844 (citing *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

[9] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for a

Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. *See* Ind. Code § 35-50-2-7. Here, for Miller's three Level 6 felony convictions, the trial court imposed a one-year advisory sentence and two, enhanced two-year sentences, to be served consecutively, for an aggregate five-year term. Although Miller faced a maximum sentence of eight and one-half years, Miller received a five-year aggregate sentence.[1]

[10] Our analysis of the "nature of the offense" requires us to look at the extent and depravity of the offense rather than comparing the instant facts to other cases. *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002). The nature of the instant offenses is as follows: Miller stole miscellaneous items from Auto Zone; soon thereafter, Miller was caught in the act of stealing and concealing merchandise from Advanced Auto. When Officer Wood confronted Miller, Miller struck Officer Wood with a canned drink and tried to run over Officer Wood in an attempt to flee. When Officer Wood attempted to restrain him, Miller elbowed Officer Wood's eye. Miller threw punches and continued to resist until another officer tased him. Miller admits that he was under the influence of methamphetamine when he committed the instant offenses.

[11] Regarding Miller's character, our assessment of the character of an offender requires us to consider the defendant's background, criminal history, age, and

---

[1] The sentencing range for a Class A misdemeanor is a fixed term of not more than one year. *See* I.C. § 35-50-3-2. The trial court imposed a six-month sentence for Miller's Class A misdemeanor conviction but ordered the sentence to be served concurrently with the other counts. Thus, Miller's Class A misdemeanor conviction did not result in additional executed time.

remorse. *See James v.* State, 868 N.E.2d 543, 548-49 (Ind. Ct. App. 2007). According to the presentence investigation report, Miller is diagnosed with bipolar disorder, paranoid schizophrenia, anxiety, depression, attention deficit disorder, and attention deficit hyperactivity disorder.[2] We are sympathetic to Miller's mental health challenges and note that the trial court considered his mental health diagnoses in rendering its sentence.

[12] "The significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense." *Boling v. State,* 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013) (citing *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007)). Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State,* 13 N.E.3d 440, 448 (Ind. Ct. App. 2014).

[13] As a juvenile, Miller was adjudicated as a delinquent for offenses that, if committed by an adult would be theft, a Class A misdemeanor (three times); theft, a Class D felony; and illegal possession of alcohol, a Class C misdemeanor. Miller was placed on supervised probation as a juvenile;

---

[2] In his brief, Miller asserts that his "serious diagnosed mental health issues" contributed to his crimes. Miller's Br. p. 6. The State appears to regard Miller's cursory reference to his diagnoses as an argument that the trial court failed to identify a significant mitigating factor. We do not agree because Miller's assertion lacks any meaningful argument or citation to authority. *See* Ind. App. R. 46(A)(8) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.").

however, the juvenile court modified its dispositional order because Miller continued to commit new offenses, including testing positive for marijuana.

[14] As an adult, Miller amassed three felony convictions before the instant offenses. Miller's adult criminal record, including *subsequent* offenses,[3] includes convictions for burglary, a Class B felony; battery with a deadly weapon, a Class C felony; theft, a Class D felony[4]; theft with a prior conviction, a Level 6 felony; theft, a Level 6 felony; residential entry, a Level 6 felony; possession of methamphetamine, a Level 6 felony; and resisting law enforcement, a Class A misdemeanor. Miller has also received sentencing grace and conditional liberty via a placement in a community corrections program; however, he admitted to violating the terms of the program and was remanded to the DOC to serve a previously suspended sentence.

[15] It is clear that Miller has issues with drugs and alcohol. Miller has admitted to regular use of alcohol, prescription pills, marijuana, and/or methamphetamine since he was thirteen years old. Miller was under the influence of methamphetamine when he battered Officer Wood. According to the presentence investigation report ("PSI"), Miller admitted to daily drug use for the three-month period preceding his "most recent arrest." Conf. App. Vol. II

---

[3] While Miller awaited sentencing for the instant offenses, he committed—and subsequently pleaded guilty to—theft with a prior conviction for theft, a Level 6 felony; residential entry, a Level 6 felony; theft, a Class A misdemeanor; possession of methamphetamine, a Level 6 felony; and resisting law enforcement, a Class A misdemeanor. Miller was sentenced for the instant and subsequent offenses in a consolidated sentencing hearing.

[4] In 2012, Miller was found guilty but mentally ill of theft, a Class D felony.

p. 38. Miller's inability or unwillingness to seek treatment for his substance abuse does not aid his effort to persuade us that his sentence is inappropriate.

Miller has not been deterred from criminal activity by his frequent contacts with the justice system or by the leniency of juvenile and trial court judges. Miller has been arrested five times since he committed the instant offenses. Sadly, Miller's criminal history is that of an unrepentant[5] thief and reflects his complete disregard for the law. Miller's sentence is not inappropriate.

# Conclusion

Miller's sentence is not inappropriate in light of the nature of his offenses and his character.[6] We affirm.

Affirmed.

Najam, J., and Vaidik, J., concur.

---

[5] According the PSI, Miller is "in the VERY HIGH risk category to reoffend" on the IRAS overall risk assessment system. Conf. App. Vol. II p. 38 (emphasis in original). The five arrests resulted in additional convictions for two misdemeanor offenses and three felonies, including residential entry and theft (twice).

[6] Miller's one-paragraph contention that "the behavior that gave rise to the[ ] [instant] charges constituted one single episode of physical resistance to law enforcement causing injury" is waived for failure to make a cogent argument. *See* Ind. App. R. 46(A)(8).